## Rose and another vs. Tolly.

The plaintiff in replevin, to maintain his action, must have been entitled to the
property at the time the action was commenced; and the finding of facts by
the court should relate to that time, and show positively whether he was so
entitled or not.

A judgment in replevin that the plaintiff recover possession of the property unless
within a certain time a mortgage which he holds upon it be satisfied, is er-
roneous. There is no authority in law for inserting an equitable condition
in such a judgment.

Where the complaint in replevin alleges that the property is of a certain value,
and demands judgment for the possession of it or for its value in case a delivery
cannot be had, the finding should assess the value, and the judgment should
be in the alternative form.

The judgment in replevin should determine the rights of the parties with respect
to every part of the property in controversy.

ERROR to the Circuit Court for *La Fayette* County.

The defendant in error, *Jane Tolly*, brought her action in
the circuit court to recover possession of " one jackass,
jennet or hinny, and one jack colt," which were alleged to be
of the aggregate value of $800, and to have been wrongfully
taken from the plaintiff's possession by *Derrick*, one of the
defendants below, and unjustly detained by him and by *Rose*,
the other defendant. Judgment was demanded for the prop-
erty or the value thereof in case a delivery could not be had,
with damages, &c. The answer denied the possession and
ownership of the plaintiff, the wrongful taking and deten-
tion of the property, and its alleged value. It also justified

January Term, 1862.

Rose et al. v. Tolly.

the taking under several executions against the plaintiff, which had come to the hands of the defendant *Derring*, as sheriff. The finding of the circuit court, before which the action was tried without a jury, was, " that the plaintiff is entitled to the ownerhip and restitution of the jackass mentioned in the complaint, and also of the jennet or hinny mentioned in said complaint, provided the chattel mortgage for fifty-five·dollars, which the plaintiff· owns and holds on said jennet or hinny, be not paid, together with all the interest thereon, within ten days from the date of this finding; but the plaintiff has failed to show that she is entitled to the jack colt mentioned in the complaint." Judgment for " the immediate return and restitution of the jackass described " &c; and also for " the return and restitution of the jennet or hinny, provided the mortgage of the plaintiff thereon be not fully satisfied, with interest, within ten days " &c., and for costs.

*J. H. Knowlton*, for plaintiffs in error.

*Simpson & Magoon*, for defendant in error.

May 15.

*By the Court,* PAINE, J. We are unable to see how the judgment in this case can be sustained, for the reason that the finding, as well as the judgment itself, seems to be entirely defective. There is no finding as to the value of any of the animals mentioned. So far as the "jennet" or " hinny " was concerned, there is no positive finding in favor of either party, but the court found that the plaintiff was entitled to her, provided a chattel mortgage for $55 which the plaintiff held on said "jennet or hinny," was not paid within ten days from the date of the finding. And the judgment was conditioned accordingly. We know of no authority in law for inserting equitable conditions into the finding and judgment in replevin, in this manner. The plaintiff, to maintain the action, must have been entitled· to the possession at the time the suit was commenced. And the finding should relate to that time, and show positively whether she was so entitled or not. The value also should have been found, and the judgment, if for the plaintiff, should have been in the alternative, for the possession or the value in

case a delivery could not be had.   R. S. 1858, chap. 132, <span>January Term, 1862.</span> sec. 31.

In regard to the jack colt, the finding is merely that the plaintiff failed to show that she was entitled to it.   But there is no finding for the defendants as to that, and no dis-position was made of it by the judgment.

There is an entire failure to comply with the well settled rules in regard to findings in such actions, and the defects cannot be remedied without a new trial.

The judgment is reversed, with costs, and a new trial or-dered.