## JOHN W. RAGLAND v. SAMUEL J. CURRIN.

The Code of Civil Procedure is *one Act*, and no part of it went into effect before the 24th of August 1868 ; *therefore* a suit asking for an injunction, begun August 22d 1868, properly conformed to the old practice.

A bill in equity, asking that a deed should be surrendered by the defendant, and he be enjoined from committing certain trespasses upon the land included therein, upon the ground that such deed had never been delivered, cannot be maintained ; the plaintiff has an adequate remedy at law, either by an action of Detinue, or Trespass *quare clausum*.

(*Irwin* v. *Davidson*, 3 Ire. Eq. 321; *Lyerly* v. *Wheeler*, Bus. Eq. 267, cited and approved.)

MOTION to dismiss a suit, heard by *Watts, J.*, at Spring Term 1869, of GRANVILLE Court.

The facts appear in the opinion.

His Honor refused the order applied for, and the defendant appealed.

*Bragg*, for the appellant.
*Graham*, contra.

RODMAN, J. The action began by a petition or complaint sworn to on August 22nd 1868, praying an injunction, which, on the same day, was ordered by the Judge. A subpoena therefor, issued on the 28th of August, returnable to Spring Term 1869, at which time the defendant appeared, and moved to dismiss the action, on the ground that it was governed by the Code of Procedure, and (1) had not been begun by summons as thereby required; (2) that the plaintiff had neither given a prosecution bond, nor made a deposit; (3) that the subpoena was not under the seal of the court. The Judge refused to dismiss the action, and allowed the plaintiff then to give a prosecution bond, and the defendant appealed.

Certain parts of the Code of Civil Procedure, as stated in what is headed Title XXIII, were ratified on the 18th of

August 1868, and certain other parts, including Title XXII, and so much of what is printed as Title XXIII as enacts that the act should go into effect on its ratification, were ratified on the 24th of August. Although apparently Title XXIII is a part of the Act, yet no part of that Title in fact is so, except the first three lines, which themselves are inaccurately printed. Obviously, it is impossible that the date of ratification can be contained in the enacting part of a statute, because the statute is enacted before its ratification, and it is impossible for the legislature to foretell at what date it may be ratified. The clause fixing the time at which the Act should go into effect, is found no where except at the end of the whole Act. That part of it which was ratified on the 18th of August, would not, but for that clause, have gone into effect until thirty days after the adjournment of the legislature. When the last part was enacted, the effect of the concluding clause, was, to make the Act as a whole, take effect from the date of the ratification of that part. We have examined the original manuscript Act in the office of the Secretary of State, and find that the last clause, which is the only one relating to the time at which the Act is to go into effect, is in the following words: " This Act shall go into effect upon its ratification."

The whole Code is spoken of and treated as but one Act, and no part of it went into effect before the 24th of August 1868. The present proceeding must be regarded as a suit pending at the adoption of the Code, and the right of the plaintiff to relief must be tried under the law previously existing.

Under the old system of separate courts of law and equity, the class of cases in which the plaintiff could demand an injunction as the sole and substantive relief, was very small : *e.g.* An injunction against the invasion of a copy-right. When the plaintiff had a remedy at law, he was bound to pursue it, and if, in any case, that remedy was inadequate, he might supplement it by the ancillary jurisdiction of a Court of

Equity. But a mere legal right which might be adequately adjudicated in a court of law, was in no case a sufficient ground for a bill in equity. In this case the plaintiff's cause of action is not very clearly stated. He alleges, as we understand his complaint, that he signed and sealed, but never delivered, a writing purporting to be a deed for certain lands, but that the defendant fraudulently got possession of the writing, and, by color of it, committed a trespass on the lands, to his damage, &c. It seems to us that his remedy was clearly at law, either by an action of detinue for the pretended deed, or by an action of trespass *quare clausum fregit.* If he had delivered the deed, but had been induced to make such delivery by fraud, he might have invoked the aid of a Court of Equity to protect him against the fraudulent and inequitable assertion of the admittedly legal title, either as ancillary to an action of trespass, at law, or to a demand by bill in equity to have the deed so fraudulently procured, rescinded. But in this case the plaintiff does not allege, but denies, any delivery of the deed; if never delivered in fact, it was, in law, not the deed of the plaintiff, and conferred no right as against him, and his remedy was the purely legal one which every possessor of an estate in lands has against a trespasser. Tried by the test of the former law, and regarding the petition of the plaintiff as a bill in equity, we are unable to see any equity by which it can be supported: *Irwin* v. *Davidson,* 3 Ire. Eq. 321; *Lyerly* v. *Wheeler,* Bus. Eq. 266.

It is unnecessary to notice the other points.

Judgment below reversed, and bill dismissed.

PER CURIAM.                                  Ordered accordingly.