## FLANNIGAN, Appellant, vs. GOGGINS, Respondent.

*February 1 — February 28, 1888.*

*Deed: Delivery: Possession by stranger: Replevin.*

1. On the day of the date of a deed the grantor and grantee named therein, and the defendant and one W. were together in the office of W. W. drew the deed and also two mortgages, one on other lands, to secure the purchase money. The instruments were signed and acknowledged in the presence of W., and then laid by him on a show-case in his office. A discussion arose as to the description and title of the land covered by one of the mortgages, and as to how some one in possession of. the land deeded might be removed. Finally the defendant took the papers from the show-case, without authority or objection from either of the parties thereto, and said that he would examine the title and ascertain whether everything was all right. Afterwards, when the grantee demanded the deed, the defendant refused to give it to him, but offered to give him back the mortgages. *Held,* that there had been no delivery of the deed sufficient to pass the title, and that the grantee could not maintain replevin therefor.

2. *It seems* that if replevin will lie in any case for a deed in possession of a stranger, there should be no question as to whether the deed had been so delivered as to be a valid conveyance. That question should only be tried in an action to which the grantor is a party, and, since it involves the title to land, cannot be tried in replevin.

3. In replevin to recover a deed its value must be proved.

APPEAL from the Circuit Court for *Winnebago* County.

Replevin. The facts are stated in the opinion. At the close of the plaintiff's testimony a motion for a nonsuit was granted, and from the judgment dismissing the complaint the plaintiff appealed.

For the appellant there was a brief by *Hicks & Phillips,* and oral argument by *Mr. Hicks.* They contended, *inter alia,* that assent to the delivery of the deed to the defendant in escrow was given by both parties thereto. If the deed was so disposed of as to clearly evince that it was the intention of the parties that the defendant should hold it

upon certain conditions, it is a sufficient delivery in escrow. *Conlan v. Grace*, 36 Minn. 276; *Schmidt v. Deegan*, 69 Wis. 300; *Lindsay v. Lindsay*, 11 Vt. 621. Whether there has been a delivery of a deed is a question of fact rather than of law. *Conlan v. Grace, supra; Lindsay v. Lindsay, supra; Daggett v. Daggett*, 143 Mass. 516. When the plaintiff had complied with the conditions of the escrow, and offered to show that the description in the mortgage was correct, he was entitled to the absolute possession of the deed. *Prutsman v. Baker*, 30 Wis. 644; *Schmidt v. Deegan*, 69 Wis. 300. The party having the absolute right of possession in replevin must prevail. *Martin v. Watson*, 8 Wis. 315.

For the respondent there was a brief by *Weisbrod, Harshaw & Nevitt*, and oral argument by *Mr. Weisbrod.*

ORTON, J. This is an action of replevin to recover the possession or the value of a certain deed made out in statutory form for certain land by one Patrick Morrow and wife to the plaintiff on the 4th day of May, 1886, for the consideration expressed therein of $2,600. The preliminary practice in this case, to say the least of it, was certainly very singular and unusual. There was no affidavit made or bond given, and the property could have been taken by the writ, for the plaintiff obtained an order with his summons to have the deed deposited with the clerk of the court, and it was not taken, and the plaintiff voluntarily allowed it to pass back to the defendant. The case was tried as one in trover and conversion, on proof of demand and refusal to deliver. The object of the action would seem to be to obtain possession of the deed as the evidence of the plaintiff's title to a valuable tract of land which he claims to own as his property, and yet it is allowed to be retained by the defendant, and its value only sought to be recovered, and that value at most would have been merely nominal,

as of a mere paper or written instrument. It is very clear that the value of the land conveyed by the deed could not be recovered, for the defendant was a stranger to the deed, and if the deed was a valid conveyance of the land, by delivery and ownership, as the plaintiff claims, the retention of the deed by the defendant would not impair or affect his title to the land. The theory of the case is that the defendant has obtained possession wrongfully of a deed made by Morrow to the plaintiff, as a valid deed of which the plaintiff is the owner, and possession of which, merely as a title paper, he had demanded. The defendant could not if he would affect the plaintiff's title in the least by retaining the deed or otherwise. The plaintiff cannot retain his title to the land and yet recover the value of the land from any one. He is certainly not entitled to recover both the land and its value in any action. The prayer of the complaint is to recover the possession of the deed or the sum of $2,600, the consideration thereof. Aside from the inconsistency and novelty of this practice, in the plain and well-understood action of replevin, it would almost seem that the action ought to have been dismissed as a frivolous trifling with the court. But there are other questions of more importance to be disposed of.

The facts disclosed by the testimony appear to be substantially as follows: On the day said deed bears date the plaintiff and said Morrow, the defendant, Morrow's brother-in-law, and P. M. Wright, Esq., were together in the office of Wright at Omro. Wright made out said deed, together with two mortgages, one on the land deeded and the other on other land, to secure the purchase money of $2,600. They were respectively signed and acknowledged in the presence of Wright, and then laid together on a show-case in said office by Wright. The parties then commenced a discussion as to the description and title of the land in one of the mortgages, and as to how some one in possession of the

Flannigan vs. Goggins.

land deeded might be removed. This conversation lasted about an hour. Then the defendant took the papers from the show-case, and said he would go to Oshkosh and examine the title and ascertain whether everything was all right. Wright testified that there appeared to be something not quite settled. Neither party to the deed made any objection. The plaintiff's counsel offered to prove "that the defendant voluntarily assumed to take possession of the deed without the authority of the grantor or grantee, and that the plaintiff never had the deed." The plaintiff's counsel also said on the trial: "We do not claim that there was an actual manual delivery of the deed itself on the part of Morrow to *Flannigan*, but that it was the intention of the parties that the deed should be delivered, and that the estate passed from Morrow to *Flannigan*." The defendant retained the papers, and when they were demanded by the plaintiff he said he would give up to him the mortgages, but would not give up the deed, for the mortgages were not right.

It will be seen that the real issue in the case is whether the deed had ever been delivered. The deed in the hands of the defendant was not an escrow, for the plaintiff offered to prove that he took it without authority from either the grantor or grantee, and such was the effect of the evidence given. The question is, Was there *then* and *there* a present delivery of the deed? There is not the slightest evidence that the deed was then delivered, and it has not since been delivered. If the deed was delivered, so were the mortgages, and yet Morrow has never had them in his possession, and it would seem that the plaintiff himself had received them back, for the defendant offered to deliver them back to him, and he offered to introduce them in evidence on the trial. But this is not material. There was certainly no delivery of either the deed or the mortgages. The mortgages were not ready for delivery, and were withheld until the title of the land could be ascertained. The de-

livery of the deed and of the mortgages was to be con-
current, and therefore they were both withheld and not
delivered. It would seem to be the law that if replevin
would lie in any case for a deed in possession of a stranger,
there should be no question about the validity of the deed
as a conveyance, for upon the question of its delivery or
validity the grantor as well as the grantee should be heard
in the action. He has far more interest in the matter than
the nominal defendant. Yet how is he to be made a party
in the action of replevin? That question should only be
tried in some action, legal or equitable, in which he may
be made a party. Replevin is not that action. But if he
could be made a party in this action it is sufficient that he
was not. The court very properly rejected much evidence
in respect to the purchase of the land, and to other matters
in which Morrow only had an interest, and finally dismissed
the action. The plaintiff did not prove, or offer to prove,
the value of the deed, the property which was the subject
of the action, one of the material issues in the case, and
that of itself justified the dismissal of the action. R. S.
sec. 2888; *Wallace v. Hilliard,* 7 Wis. 627; *Rose v. Tolly,*
15 Wis. 443; *Jenkins v. Steanka,* 19 Wis. 126. To recover
in the case on proof of the delivery of the deed, would
have directly involved the title of the land. If it had been
delivered, then the plaintiff held the title; and if it had
not, he did not have title. This cannot be done in replevin.
"The title to land cannot be tried in this action." Wells
on Replevin, sec. 58, and note of cases. The learned coun-
sel of the appellant admitted that the deed had not been
delivered actually and manually, but claimed that he had
an estate in the land, and that it was the intention that the
deed should be delivered. If that is true, the plaintiff has
no legal title to the estate or the deed, and he must there-
fore go into equity to enforce a mere equity, and that, too,
against Morrow as well as the defendant. In any view

JANUARY TERM, 1888.          33

The Home Mut. Ins. Co. of California vs. Roe.

the plaintiff was not entitled to recover in the action, and the circuit court very properly dismissed it. To invent new actions, or change the form of old ones, and try legal experiments, and wander away from the well-worn paths of long-settled legal practice, may show ingenuity, but is not to be encouraged.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this·case in 36 N. W. Rep. 848.— REP.