### PASTERFIELD v. SAWYER.

(Filed March 31, 1903.)

1. CLAIM AND DELIVERY—*Replevin—Deeds—Trover.*

Claim and delivery will lie for the recovery of a title deed if the controversy does not involve the determination of the title to the land conveyed by it.

2. JUSTICES OF THE PEACE—*Jurisdiction—Real Property—Claim and Delivery—The Code, Secs. 836, 837, 838.*

In an action for the recovery of a title deed, an allegation in the answer that title to real property is involved, without any proof thereof, does not oust the jurisdiction of a justice of the peace.

ACTION by Annie D. Pasterfield and husband against J. H. Sawyer, heard by Judge George A. Jones, at May Term, 1902, of the Superior Court of PASQUOTANK County. From a judgment of non-suit the plaintiffs appealed.

*E. F. Aydlett,* for the plaintiffs.
*George W. Ward* and *William Bond,* for the defendant.

WALKER, J. This action was brought before a justice of the peace for the recovery of a deed for real estate. The justice gave judgments for the plaintiffs and the defendant appealed to the Superior Court.

It appears from the case on appeal that in the lower court "the defendant moved to dismiss the action, and stated that he claimed to hold the deed in controversy as an escrow, and that the conditions upon which it was held had not been com-

plied with on the part of the plaintiffs. The court, being of the opinion that the justice of the peace had no jurisdiction of the action, intimated that the plaintiffs could not recover in this action, upon which intimation the plaintiffs submitted to a non-suit and appealed."

The plaintiffs alleged in their complaint that the deed had been executed by M. W. Buffkin and wife to the *feme* plaintiff and was delivered by them to her husband, who deposited it with Mr. Sawyer, the defendant, for safe-keeping, and that the said deed is the property of the *feme* plaintiff and she is entitled to the immediate possession thereof, and has demanded the possession of the defendant, who refused to deliver the deed to her. These allegations are denied by the defendant in his answer.

The general rule is that replevin will lie for the recovery of title deeds, "but neither the common law action nor the provisional remedy of claim and delivery can be maintained for the unlawful taking or the wrongful detention of a title deed when there is a dispute about its delivery and the controversy involves the determination of the title to the land conveyed by it." *Hooker v. Latham,* 118 N. C., 179.

The court below did not dismiss the action because the action of replevin or an action for the possession with the ancillary remedy of claim and delivery would not lie for the recovery of the deed, but because the justice of the peace did not have jurisdiction. Presumably the ground for the decision was that, as the delivery of the deed was disputed in one way or another, the title to land was in controversy and the decision of that question would of necessity determine to whom the title belonged. This may be granted, and still we think that the court proceeded irregularly. It is provided by The Code as follows:

"Sec. 836. In every action brought in a court of a justice of the peace where the title to real estate comes in contro-

versy, the defendant may, either with or without other matter of defence, set forth in his answer any matter showing that such title will come in question. Such answer shall be in writing, signed by the defendant or his attorney, and delivered to the justice.

"Sec. 837. If it appears on the trial that the title to real estate is in controversy, the justice shall dismiss the action and render judgment against the plaintiff for costs.

"Sec. 838. When an action before a justice is dismissed upon answer and proof by the defendant that the title to real estate is in controversy in the case, the plaintiff may prosecute an action for the same cause in the Superior Court, and the defendant shall not be admitted in that court to deny the jurisdiction by an answer contradicting his answer in the justice's court."

It will be seen that the defendant is required not only to set forth the matter showing that such title will come in question, but it must appear at the trial that such is the fact, and when the action is once dismissed upon an answer *and proof* by the defendant, for that reason, the defendant will not be permitted to question the jurisdiction of the Superior Court, if an action for the same cause is afterwards brought in that court. There must be something besides the mere answer, for, if this is all that is required, any defendant can put an end to the jurisdiction of the court of his own will. The law requires, therefore, in addition to the answer, some proof in order that it may appear in a proper way to the court that there is a genuine controversy concerning the title to real estate.

It seems perfectly clear therefore that as there must be not only an answer, but that proof must be offered by the defendant, or it must in some way appear by proof in the case that there is a controversy concerning the title to real estate, the court erred in intimating at that stage of the case

that there was no jurisdiction. His expression of opinion was at least premature. For the reasons stated, the non-suit is set aside and a new trial awarded. *Per Curiam.*

New Trial.