PASTERFIELD v. SAWYER.

(Filed September 22, 1903.)

1. CLAIM AND DELIVERY—*Replevin—Deeds—Escrow—Justices of the Peace—Jurisdiction.*

In this action of claim and delivery for a deed there is no evidence that the title to land is involved, and the jurisdiction of the justice of the peace is not ousted.

2. JUSTICES OF THE PEACE—*Jurisdiction—Claim and Delivery—Pleadings.*

Where a complaint in claim and delivery before a justice of the peace alleges the value of the property to be less than fifty dollars, and the answer does not deny the allegation, no proof of the value is necessary.

ACTION by J. H. Pasterfield and wife against J. H. Sawyer, heard by Judge *M. H. Justice* and a jury, at May Term, 1903, of the Superior Court of PASQUOTANK County. From a judgment for the defendant the plaintiff appealed.

*E. F. Aydlett,* for the plaintiff.
*George W. Ward,* for the defendant.

MONTGOMERY, J. This case was before us at the last term and is reported in 132 N. C., 258. The error pointed out at that time was that the Court below dismissed the plaintiff's action for want of jurisdiction. The action was begun in the court of a justice of the peace for the recovery of a deed for real estate. It was brought by appeal of the defendant to the Superior Court, and in that Court, upon its appearing by an averment in the answer of the defendant that the title to real estate was in controversy, his Honor dismissed the action without hearing evidence as to whether the title to real estate was really involved. In the former decision that was the error pointed out.

At the present hearing on the case it appears that his Honor heard evidence on the question whether or not the title to real estate was involved, and, at its conclusion, held that the title to land was in dispute, and dismissed the action because the justice of the peace before whom it was commenced did not have jurisdiction. We think there was error.

Upon a careful inspection of the whole of the evidence, we are of the opinion that an issue should have been submitted to the jury as to whether the deed was deposited with the defendant upon bailment *(depositum)*. The evidence of Pasterfield was to the effect that the deed was put into the defendant's hands after it had been delivered to him for his wife, to be kept by Sawyer until he called for it, free from any conditions.

Sawyer's evidence, it is true, tends to show that during the interview between Buffkin, the grantor, Pasterfield, as agent of his wife, and himself, that Pasterfield was to pay certain amounts, aggregating $156.70, to Buffkin, and that Pasterfield said the money was due to him for work and that he would collect it soon and pay it. But Sawyer did not testify that the payment of the $156.70 was to be made a condition precedent to the delivery of the deed. The witness further said that when Pasterfield and Buffkin started out of the room, leaving the deed and mortgage, that he said: "Gentlemen, the law requires the note and deed to be stamped, and I would like to have my fee," and that Buffkin said: "Put the deed and mortgage in your safe and we will be in in a few days and pay your fee and give you the money to buy the stamps to put on the deed and note and have the paper recorded." But there is nothing in that testimony contradictory of that of Pasterfield in connection with the delivery of the deed, and nothing tending to show that Sawyer's purpose was to inform either of the parties that they could not get the deed and mortgage upon application. The language and the

action of the parties afford no evidence that Sawyer intended to hold the deed and mortgage as bailee until his fee should be paid. At most, it was but a request on his part for his fee.

As we have intimated, when we suggested a proper issue which should have been submitted in the case, there was no evidence that the deed was held as an escrow.

It is also true that Sawyer testified that Buffkin said to him: "If Pasterfield comes and pays the $156.70 in a few days, you can take out my part for stamps and fee out of it and give him the deed and have the paper recorded, and see that the mortgage goes on immediately after the deed, and don't give him the deed until he pays." The deed, as we have seen, having been delivered by the grantor to Mrs. Pasterfield, could not afterwards be turned into an escrow by any subsequent conversation to that effect by the grantor and Sawyer. Sawyer also testified that Pasterfield did not have the deed in his hands; but Sawyer's evidence was that the deed and mortgage had been prepared by himself, had been executed by all the parties, were lying on his table while the interview was going on, with nothing to be done on either side in connection with the delivery of the deed, and it was immaterial whether or not Pasterfield actually had his hands on the deed when the conversation took place about his keeping the deeds for the parties. Sawyer also testified that, after Buffkin's death, Pasterfield called at his office and was told by him to see the administrator of Buffkin and "fix the matter up," as he wanted to get rid of the papers, and that Pasterfield said he would do this.

There was no evidence tending to show an escrow. It referred to nothing in particular. What was "to be fixed up" did not appear.

There was no evidence on the trial that the deed was worth less than fifty dollars, and it might have been contended in the Court below that on that account the magistrate did not

have jurisdiction; that as courts of justices of the peace are courts of limited jurisdiction, having no power to hear and determine actions brought for the recovery of personal property of greater value than fifty dollars, it was necessary for the plaintiff to have affirmatively shown by evidence that the deed was worth not more than fifty dollars. But it was alleged in the complaint that the deed was worth from fifteen to twenty-five dollars, and the answer simply denied the allegation. It is clear that the answer did not raise any issue on the value of the deed, but was in fact an admission that it was not worth as much as fifteen or twenty dollars.

New trial.