THOMAS J. CAMPBELL v. DORVIL E. BROOKS.

[47 South. 545.]

REPLEVIN.   *Deed.   Delivery at issue.*

Where the litigated question is the delivery of a deed, replevin will not lie for its possession.

FROM the circuit court of Washington county.

HON. SYDNEY SMITH, Judge.

Campbell, appellant was plaintiff, and Brooks, appellee, defendant, in the court below.   From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court.

Plaintiff and defendant had entered into an agreement for an exchange of lands, and proper deeds of conveyance were

drawn up, signed, and acknowledged before a notary public, by the plaintiff and defendant respectively. The defendant, in the course of the dealings between the parties, acquired possession of the deed signed by plaintiff; and sent to plaintiff the deed signed by himself. Plaintiff declined to accept defendant's deed, claiming that the agreement to exchange lands was not consummated, and demanded the return of the deed which had reached defendant's hands. Defendant refused to return the deed and plaintiff instituted replevin for its recovery. On the trial, after the evidence for both parties was introduced, defendant moved the court to instruct the jury peremptorily to find for defendant on the alleged ground that "the evidence unmistakably shows that there is a dispute between the parties as to the delivery of the instrument sued for, and that the title to real estate is thereby involved in this suit, and such title cannot be determined in an action of replevin." The court sustained the motion and from a judgment in defendant's favor plaintiff appealed to the supreme court.

*Hugh C. Watson,* for appellant.

Replevin will lie to recover specific goods which have either been wrongfully distrained from plaintiff or have been wrongfully taken out of his possession. 1 Halsbur's Law of England, 43. Replevin at common law lies to regain possession of personal chattels which have been wrongfully taken from the possession of the plaintiff or which he claims as the rightful owner. 7 Lawson Rights, Rem. & Proc., § 3639. At common law replevin was an action to recover the possession of specific chattels together with damage for the unlawful taking, whereby the chattel was, at the commencement of the action, taken into the possession of the officer of the court and delivered over to the plaintiff upon security being given to make out the justice of his claim, or return the property to defendant. 24 Am. & Eng. Ency. Law (2d ed.) 477, § 1.

Replevin lies in all cases where the goods of a party have

been wrongfully taken, and he is desirous of getting them again, 12 Mews Eng. Dig. 120. A writ of replevin will lie to get papers back. *Ibid.* All species of tangible property may be the subject of replevin, including animate property, money when capable of identification, documents and written evidenc.s of indebtedness such as bonds and promissory notes. 24 Am. & Eng. Ency. (2d ed.) 479. Replevin will lie for an unindorsed county warrant. *Saunders v. Jordan,* 54 Miss. 428.

Our statute law on the subject of replevin does not define what character of personal property is properly the subject of replevin, hence we must look to the common law for the defini tion. Code 1906, § 1591, defines personal property as fol- laws: "The term, personal property, when used in any statute, shall include goods, chattels, effects, evidences of rights of ac- tion, and all written instruments by which any pecuniary obli- gation or any right, title or interest in any real or personal estate shall be created, acknowledged, transferred, incurred, de- feated, discharged or diminished." This court has held that this code section is, broad enough to include a deed. *State v. Hughes,* 80 Miss. 609.

*Campbell & Cashin,* for appellee.

While the general rule is that replevin will lie to recover a deed to lands, where the object is to acquire possession of the specific paper and not to test the title to the land which the deed conveys, replevin will not lie to recover such deed where there is a dispute as to its delivery involving a determination of the title to the land. Cobbey on Replevin, § 79; *Flannigan v. Goggles,* 71 Wis. 28; *Hooker v. Latham,* 23 S. E. 1004; *Pasterfield v. Sawyer,* 43 S. E. 799; 7 Lawson on Rights and Remedies and Pros. § 3643.

In *Wilson v. Rybolt,* 17 Ind. 391, an action of replevin for recovery of a title deed to land was sustained; but in that case there was no dispute whatever as to the proper delivery of the deed. The Indiana court treated the deed as having been de-

livered and therefore as not involving any question of title to the land described therein; and held that, as such deed was a personal chattel, replevin for its possession would lie.

The only case we can find contrary to the long line of authorities supporting our contention above, is *Simmonsen v. Curtiss,* (Minn.) 45 N. W. 1135, a suit instituted in a municipal court having no authority or jurisdiction to try cases involving title to land. It involved a dispute as to delivery of the deed, and the question at issue was whether or not the delivery of the deed, as a matter of fact, was in dispute. The appellate court, in reiewing the action of the municipal court, said: "the objection has been made that an action of replevin will not lie for the possession of a deed conveying real estate, if the decision will involve the title to the land. We do not see why it may not lie, in a court of competent jurisdiction, where the only fact to be determined and affecting the title, is that of the delivery of the deed." These quoted words were all that the Minnesota court said, in the case, as to whether replevin would lie. We insist that such remarks were purely *obiter dicta.* If the municipal court did not have jurisdiction of the case because it involved title to real estate it would have no jurisdiction to determine whether or not replevin would lie.

While replevin is the appropriate remedy in this state to recover possession of personal property, and while Code 1906, § 1591 provides that the term, "personal property" shall include "all written instruments" by which "any right, title or interest in any real or personal estate shall be created, acknowledged, transferred, incurred, defeated, discharged or diminished," it was not the intention of the legislature that either the action of replevin or this statute should apply to an undelivered deed conveying land. In fact, an undelivered deed can hardly be considered personal property under the meaning of our statute law. Until delivered the deed does not take effect, and until it does take effect it does not constitute property.

In the present case if the court below had not dismissed the

.suit, and the jury had found the issue against Brooks, the appellee, it would have been a conclusive determination that the title to the land has passed from Brooks and vested in Campbell, ·the appellant. The real issue here was as to the ownership of the title to.the land. .Where a deed to land has been unques-·tionably delivered, and replevin is brought to recover it as a document or as a piece of paper, no issue as to the land thereby con-·veyed is in dispute, and replevin may lie. And this is the distinction between cases in which replevin will lie for possession ·of a deed to land and cases where it will not lie.

In *Miller v. Wesson,* 58 Miss. 831, the court held that a dis-·seizee of land cannot maintain an action for the value of trees or other part of the land sold. And in *Phillips v. Gastrell,* 61 Miss. 413, it was held that replevin was not maintainable by the ·disseizee for such things, the court stating that "the action is denied, because the occupant of land under such circumstances ·should not be harassed with a separate action for each bushel of wheat consumed or stick of fire wood burnt on the premises, instead of having the matter settled at once by an action to re-·cover possession of the land." It would seem that the prin-·ciple underlying these two cases cited is applicable to the case at bar. If the owner of land cannot maintain replevin against ·the occupant of the land for trees which he has severed from it and which have become personal property, why should replevin lie by the grantee against the grantor for an undelivered deed to land,˙or where its delivery is in dispute?

That the land conveyed by the deed is situated in another state can make no difference. There is greater reason why the action would not lie in that state of the case than when the land is within the jurisdiction of the court. It is not the question whether the court has jurisdiction of the land conveyed by the deed, but what is the character of the issue. If the issue necessarily involves the determination of the title to the land conveyed by the deed, replevin will not lie; for replevin is the .appropriate remedy for recovery of possession of personalty.

And, as above stated, an undelivered deed is not personal property.

MAYES, J., delivered the opinion of the court.

Without entering into any discussion of the facts in this case, we simply say that the action of replevin will not lie to recover the deed sued for here. While it is true, as said in the case of *Hooker v. Latham,* 118 N. C. 179, 23 S. E. 1004, that "a writ of replevin will lie for the recovery either of deeds or certificates of stock, where the object is to regain possession of the specific paper, and not to test the right to the property which it represents," yet replevin "cannot be maintained for the unlawful taking or the wrongful detention of a title deed, where there is a dispute about its delivery, and the controversy involves the determination of the title to the land conveyed by it." A deed, as such, is recoverable in an action of replevin, where same is unlawfully detained, if the controversy be really about the deed and nothing else, and the delivery of the deed is beyond dispute; but where the real thing sought is an adjudication of title to property, and not the actual recovery of the specific deed, as is the case here, the action of replevin is not an appropriate remedy and will not be maintained. The real controversy here is as to title. The real issue in this case is whether the deeds have been delivered, and the court properly dismissed the cause. *Flannigan v. Goggins,* 71 Wis. 28, 36 N. W. 846; *Pasterfield v. Sawyer,* 132 N. C. 258, 43 S. E. 799; 7 Lawson Rights, Remedies & Practice, § 3643; Wells on Replevin, § 58, and note.

*Affirmed.*