**Walter H. Christenson, Plaintiff in Error, v. Ida M. Hanna, Individually and as Administratrix, Defendants in Error.**

### Gen. No. 18,122.

1. REPLEVIN, § 4*—*when title deed cannot be recovered.* Replevin will not lie for the unlawful taking or wrongful detention of a title deed where there is a dispute about its delivery and the controversy involves the determination of the title to the land described in the deed.

2. REPLEVIN, § 141*—*when nonsuit is proper.* Where in replevin of a title deed the real issue is whether the deed was delivered, the

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

court being without jurisdiction to enter a judgment for plaintiff is without jurisdiction to render a judgment on the merits for defendant and to award a writ of *retorno habendo*, and should enter a judgment of nonsuit.

Error to the Municipal Court of Chicago; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the March term, 1912. Reversed with judgment of nonsuit here and order for a writ of *retorno habendo*. Opinion filed November 3, 1913.

**Statement by the Court.** Plaintiff Christenson brought an action of replevin against her sister, Ida M. Hanna, alleging that she wrongfully took and wrongfully detained from him a certain deed executed and acknowledged by John Christenson (the father of the plaintiff and defendant) conveying to plaintiff a certain lot in Chicago. On her petition stating that she was the administratrix of the estate of said John Christenson, appointed September 1, 1908, and as such administratrix on her appointment took possession of said deed and held the same until October 11, 1911, when it was taken on the writ of replevin issued in this case, the papers in the case were amended by adding Ida M. Hanna, administratrix of the estate of John Christenson as a defendant.

The question in the case was whether or not the deed was delivered by the grantor in his lifetime to the grantee, the plaintiff contending that it was so delivered and the defendant that it was not. The trial by the court resulted in a finding that the right of possession of the deed was not in the plaintiff and assessing defendant's damages at one cent. November 23, 1911, the court entered judgment on the finding that the defendant recover from plaintiff possession of said deed and that a writ of *retorno habendo* issue and that defendants recover from the plaintiff one cent damages. Afterwards the judgment for damages was set aside.

THOMAS J. O'HARE, for plaintiff in error.

M. A. BAMBOROUGH, for defendants in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

While it is true that a writ of replevin will lie for the recovery of a deed where the object is to recover possession of the specific paper and not to test the right to the land which it in terms conveys, the writ will not lie for the unlawful taking or wrongful detention of a title deed where there is a dispute about its delivery and the controversy involves the determination of the title to the land described in the deed. *Hooker v. Latham,* 118 N. C. 179; *Campbell v. Brooks,* 93 Miss. 853; *Flannigan. v. Goggins,* 71 Wis. 28; Cobbe on Replevin, sec. 79.

The real controversy here is as to title. The real issue in the case is whether the deed was delivered, and the court should have entered a judgment of nonsuit. *Flannigan v. Goggins, supra.*

But the judgment in the case is a judgment that the defendants recover from the plaintiff the possession of the property replevied and that a writ of *retorno habendo* issue, etc., and this is a judgment on the merits for the defendants. Defendants contend, and we think properly, that the court was without jurisdiction to render a judgment for the plaintiff, but if it was without jurisdiction to render a judgment for the plaintiff it was also without jurisdiction to render a judgment on the merits against the plaintiff in favor of the defendants.

The judgment will be reversed and a judgment of nonsuit entered here.

*Judgment reversed with judgment of nonsuit here and order for a writ of retorno habendo.*