### J. W. WALTER v. B. A. EARNHARDT.

(Filed 10 May, 1916.)

**1. Claim and Delivery—Notes—Equity—Cancellation.**

    A maker of a note who has paid it may sue in equity for its cancellation and delivery, and under our statute, Revisal, sec. 859, he may also maintain claim and delivery if he does not desire to enforce the equity of cancellation.

**2. Bills and Notes—Payment—Possession—Right of Action.**

    The maker of a note who has paid it becomes the owner thereof and is entitled to its possession, as between the immediate parties, and may maintain his action therefor.

APPEAL by defendant from *Long, J.,* at January Term, 1916, of CABARRUS.

*H. S. Williams for plaintiff.*
*Maness & Sherrin for defendant.*

CLARK, C. J. This was an action begun before a justice of the peace to obtain the possession of a certain note given by the plaintiff to the defendant. The note was originally for $350. Later $200 was credited thereon. There was some dispute between the parties as to the balance due on a settlement of accounts, and the plaintiff testified that the defendant and he made a compromise by which the defendant would take $25 off the note if the plaintiff would pay the balance. They made a calculation, he says, and found that, including the interest, the balance due on the note was $160.15, and thereupon he paid Earnhardt $135.15 in full settlement according to the contract, and Earnhardt said that he would credit the note, according to the compromise, with the other $25, but that the note was in bank and that he would go there and cancel it. Some two months afterwards the plaintiff met the defendant and asked him for the note, but he refused to give it up.

According to the evidence, the note was originally given for a pair of mules, but later the defendant had sold plaintiff a young horse which did not come up to the warranty, and by the compromise the note was to be credited with $25 on that account. The defendant did not put on

any evidence. The jury found, on the issues submitted, that the compromise was made that upon payment of all the note except $25 the note would be paid and settled; that the plaintiff made the payment as agreed, but that the defendant has failed to comply with his agreement, and, though in possession of the note, refused to surrender it.

There is no controversy over the facts, and the defendant relies upon his motion to nonsuit, which the judge refused. It is true, the plaintiff might have brought an action in equity for the cancellation and surrender of the note; but under our statute, Revisal, 859, the compromise, which the jury finds was made, was valid at law and enforcible, and the plaintiff was entitled upon the issues of fact found to have the note treated as paid and settled, and, therefore, to have the same delivered to him. For that purpose claim and delivery was as suitable to procure the possession of the note as a decree in equity would have been for the cancellation and delivery of the note as the result of payment.

Claim and delivery is an appropriate proceeding to recover the note when no decree of cancellation or other equitable decree is sought. *Bridgers v. Ormond,* 148 N. C., 377; *Pasterfield v. Sawyer,* 133 N. C., 43; *s. c.,* 132 N. C., 259; *Ragland v. Currin,* 64 N. C., 357. The remedy here asked is purely legal—for possession of the note.

If it was agreed, in compromise, as plaintiff testified and the jury have found, that upon payment of all the note except $25 the note was to be deemed paid (and it is admitted that the plaintiff has done this), then the note became the property of the plaintiff, and he was entitled to have it delivered up to him by the defendant. The plaintiff has chosen to enforce this right to the specific possession of the note, instead of resorting to a proceeding in equity to obtain an order of the court to have the note canceled. He probably chose this remedy because of the small amount involved ($25). He had a right to elect this remedy, if he so chose. The courts are no longer so solicitous as to the technical form of remedy, but seek to render justice by the most direct and expeditious method, and when practicable will permit the remedy selected by the plaintiff.

The jury find that the note has been paid in accordance with the compromise, and the plaintiff is therefore entitled to its possession. It is true that as the note has been settled, it is of no value to the defendant, but the plaintiff after payment thereof is entitled to its possession, as a receipt or as a proof of payment. Indeed, the defendant is claiming that he is entitled to collect the other $25 upon the note, and hence refuses to surrender it. But the verdict has settled this against him.

If I were speaking for myself, and not for the Court, I should say that there is no reason, the amount being less than $200, why an equitable decree might not be made before the justice's court for cancellation. It has been said that "the justice has no equitable jurisdiction," but

nothing to this effect can be found in the Constitution, which absolutely abolishes all distinction between law and equity. The justice of the peace cannot issue an injunction, neither can a justice of this Court, but that is simply because the statute does not provide for it. However, this is merely speaking for myself for the future consideration of the Bar. Preconceived opinions are not infrequently mistaken for provisions which have been abolished, and not continued in force, by the Constitution.

No error.

WALKER and ALLEN, JJ., concurring in result.