FLORA WALDEN, Plaintiff, *v.* UNA W. FELLER, Defendant.

(Supreme Court, Allegany Special Term, March, 1917.)

**Replevin — when replevin will not lie to recover possession of written instrument — real property — pleading — damages.**

Replevin will not lie to recover possession of a written instrument creating in plaintiff a life estate in certain premises, where the execution and the delivery of the instrument are put in issue by defendant's denial, as a finding that the instrument was in fact executed and delivered determines the title to the real estate in question.

The fact that plaintiff because of her inability to recover possession of said paper seeks to recover as damages her expectant expenses to be incurred in prosecuting an equity action to establish her title to a life estate is an admission that the real purpose of the replevin action is to determine her claim to the real estate, and the complaint must be dismissed.

ACTION in replevin.

Lee Fassett, for plaintiff.

Jesse L. Grantier, for defendant.

BROWN, J. The plaintiff seeks the possession of a paper claimed by plaintiff to have been executed and delivered by the defendant, creating in the plaintiff a life estate in certain premises. The defendant denies the execution and delivery of the instrument in question. The existence of the paper is the issue presented. The plaintiff has no legal claim to the life estate in question except by virtue of the paper. Before possession of the paper could be awarded to the plaintiff, a finding must be made that it in fact was executed and delivered; such a finding necessarily determines the

title to the real estate in question. An adjudication that there was a duly executed and delivered instrument creating a life estate in the plaintiff upon the issues presented by the pleadings and proof would be an adjudication that the plaintiff has the legal title to a life estate in the premises. Such title cannot be determined in a replevin action.

Replevin will not lie for the recovery of real property. It does not lie for the purpose of determining title to real estate. Cobb Replevin, § 56.

Replevin will not lie to recover a deed where the title to land is involved in the action. 34 Cyc. 1358.

Replevin will not lie for the recovery of a deed where there is a question whether it was delivered or not, and the title to the land will be involved in the action; title cannot be tried in this way. Cobb Replevin, § 79.

While it is true that a writ of replevin will lie for the recovery of a deed when the object is to recover possession of the specific paper, and not to test the right to the land which it in terms conveys, the writ will not lie for the unlawful taking or wrongful detention of a title deed where there is a dispute about its delivery, and the controversy involves determination of title to the land described in the deed. The real controversy here is as to the title. The real issue in the case is whether the deed was delivered, and the court should have entered a judgment of nonsuit. *Christenson* v. *Hanna,* 183 Ill. App. 115.

The precise question here presented does not seem to have been decided in this state. The decisions of sister states are in harmony in holding that if the title to real estate must necessarily be determined in order to award possession of title deeds an action in replevin will not lie. *Flannigan* v. *Goggins,* 71 Wis. 28; *Pasterfield* v. *Sawyer,* 132 N. C. 258; *Hooker* v. *Latham,* 118 id. 179; *Simmonsen* v. *Curtis,* 43 Minn. 539; *Walker*

v. *Daly,* 80 Wis. 222; *Daggett* v. *Daggett,* 143 Mass. 516.

The fact that plaintiff seeks to recover as her damages by reason of her inability to recover possession of the specific paper her expectant expenses to be incurred in prosecuting an equity action to establish her title to a life estate is an admission that the real purpose of this replevin action was to determine her claim to the real estate. The plaintiff's complaint must be dismissed.

Judgment accordingly.