## LOGAN VANDEVER'S ADMINISTRATORS v. GEORGE FREEMAN AND WIFE.

A suit to have a conveyance of land, absolute on its face, declared a trust, is not required to be brought in the county where the land lies.

A claim to be subrogated to the rights of an estate of a deceased person, against the purchasers at the administrator's sale, on the ground that the deceased was a mere trustee for the claimant, is not required to be presented to the administrator for allowance, before the commencement of suit to establish it.

That the grantor in a conveyance of land to a person since deceased, remained in possession of the land, is a strong corroborative circumstance, to connect with proof of parol admissions by the grantee in his lifetime, that the conveyance was in trust for the grantor.

This, as well as Mead v. Randolph, (8 Tex. R. 191,) is distinguishable from the case of Neil v. Keese, (5 Tex. R. 23,) and other like cases, in this, that in those the payment of the purchase money is an affirmative fact, upon which the trust, sought to be set up, is based; and therefore it must be established by other and higher testimony than by proof of the declarations of the deceased trustee. In this case the non-payment of the purchase money by Vandever,

upon which complainants seek to base the trust, is a negative fact, not susceptible of direct proof, if their allegation be true.

Where the grantor brings suit against the administrator of the grantee, to have a conveyance of land decreed to have been made in trust for the former; and the latter resists the suit on the ground that the conveyance was in fact made to defraud the creditors of the grantor; the defendant should not rely entirely upon the declarations of the grantee made in his lifetime, going to show such to have been the object of the conveyance, although such declarations have been put in evidence by the plaintiff to establish the trust; but he should at least prove the actual indebtedness of the grantor at the time.

Where a trust is established against an insolvent estate, in property which has been sold as the property of said estate since the decease of the trustee, the *cestui que trust* will not be remitted to his *pro rata*, with the general creditors, but is entitled to recover the proceeds of the trust property.

Appeal from Burnett. Tried below before the Hon. Nat. M. Burford.

Suit commenced May 20th, 1856, by Freeman and Wife against Logan Vandever's administrators. The petition alleged that plaintiffs are the just and legal owners of Lots No. 169, 95, and 96 in the town of Fredericksburg, in the county of Gillespie, and of one ten acre lot adjoining said town, known as ten acre town Lot No. 28; that on the 10th of April, 1853, they employed said Vandever to sell said property for them, and in order to facilitate the sale, executed to said Vandever a deed for all of said property; that Vandever had died without effecting a sale; that plaintiffs had never received any consideration for said land from said Vandever; that said deed was a cloud upon their title; and they prayed that it be cancelled. On the 18th December, 1856, plaintiffs amended by allegation that on the 5th February, 1856, said property had been sold under an order of Court, as the property of said Vandever's estate, on a credit of twelve months; that William Myrick and Curtis Mayes, residents of Burnett county, had become the purchasers, at the price of $250; that said sale was illegal and made without authority of law; said Myrick and Mayes were made parties, and plaintiffs prayed that the deeds to them be cancelled, and for general relief. On the 29th of October, 1857, plaintiffs amended by praying in the alternative, that they might be subrogated to all the rights of Vandever's administrators against Myrick and Mayes, in case they could not obtain a cancellation of the deeds of the latter.

Vandever's administrators demurred, and as a special ground of demurrer, showed that the suit was an action to try title to

land, and should have been brought in Gillespie county ; and if a suit for money, that the claim had not been presented to the administrators for allowance.   They alleged that Vandever had purchased the land from plaintiffs for a valuable consideration, which had been fully paid; and if not, then that said conveyance from plaintiffs to Vandever, was made by collusion, fraud and confederation between the contracting parties to said deed, with a view to defraud and defeat the creditors of the said Freeman and wife ; and that their co-defendants were innocent purchasers; prayer " that on a final hearing the said Myrick and Mayes may have a writ of possession, directed to the Sheriff of Gillespie county, commanding him to put said Myrick and Mayes in possession of said property," &c.

Myrick and Mayes answered that it was true, they had bid off the property at Probate sale as alleged, and given their note for the purchase money, but had not paid any portion thereof; and they prayed, in case said land should be decreed to the plaintiffs, that their note be cancelled.

Sept. 29th, 1857, the cause was submitted to the Court without a jury, and judgment was rendered subrogating plaintiffs to all the rights of Vandever's administrators against Myrick and Mayes, and that they recover from said Myrick and Mayes the amount bid by them for said property; that the note of Myrick and Mayes for said purchase money be cancelled, and that all the defendants recover their costs.   The substance of all the testimony is given in the Opinion.   The statement of facts was not explicit to the point, but all the evidence appeared to have been introduced by the plaintiffs.   It was admitted that Myrick and Mayes " were innocent purchasers, without notice of plaintiffs' claim."   It was also admitted " that there was a regular chain of title from the Government down to plaintiffs for the property in controversy."   Appeal by Vandever's administrators only.

*Chandler & Turner*, for appellants.   I.  Plaintiffs have not produced sufficient proof to establish a trust. (Miller v. Thatcher, 9 Tex. R. 482.)

II.  There is no proof of a trust which the Court would enforce ; all the evidence going to show that the object was to secrete the property from Freeman's creditors.

III.  In answer to the objection that there was no proof of any debts, we reply that all the testimony comes from the plaintiffs,

and shows efforts to avoid debts; whether debts then in existence or only contemplated makes no difference. (1 Story, Eq. Sec. 356–361.) But the testimony shows that attachments were looked for.

IV. In answer to the claim that the property was in Mrs. Freeman, we reply that it was admitted to be in "the plaintiffs," which shows it to have been community property.

V. The demurrer should have been sustained. At all events the plaintiffs ought not to be allowed to occupy any better position than that of an ordinary creditor. The estate is insolvent.

*Fisk & Bowers,* for appellees. I. The proof showed conclusively that the deed was made to Vandever, for the purpose of enabling him to sell the lots for the use of Freeman and wife.

II. The evidence could not by any construction be made to convey the idea that any fraud was intended toward any of Freeman's creditors, because, 1st. There was no evidence to show that Freeman owed any debts. 2d. If he had been in debt, the lots were not liable to his debts.

The evidence shows that the lots were purchased by her when her name was Mary Holden; before she was married to Freeman.

III. They were in possession of the lots, making them the homestead.

ROBERTS, J. This is a suit to set aside and cancel a deed executed by Freeman and wife for certain land to Vandever, alleged to be in trust for a purpose, which was not accomplished; or if the land had been sold to an innocent purchaser, then to reach the purchase money by a direct recovery from the purchaser.

Under the latter alternative Freeman and wife recovered a judgment, which is brought here for revision on appeal.

It is objected to this proceeding, that as a suit for land it is wrongly prosecuted in Burnett county, the land being situated in Gillespie county; and as a suit for money it must fail, because the claim was not presented to the administrators. These objections presuppose a state of case that does not exist. For the suit is not for the recovery of the land, or for the recovery of a claim against the estate of Vandever, but it is to quiet the title by a cancellation of the deed if practicable, or to trace a trust from land to money through the estate; which it is competent

for a Court of Equity to do. That the deed was made in trust for some purpose is fully established. All the witnesses, four in number, state that Vandever said he had given no consideration for the deed. The witnesses to the deed state that no consideration passed from Vandever to Freeman and wife. The pleadings of defendants show or take for granted, that Freeman and wife continued in possession of the land, and pray a writ of possession to be awarded to defendants at the termination of the suit; which is a strong corroborative circumstance to establish the trust. In Mead v. Randolph, (8 Tex. R. 191,) which is very analogous to this, it was held that one witness, with strong corroborating circumstances, could establish such a trust, although the trustee was dead. This, as well as Mead v. Randolph, is distinguishable from the case of Neil v. Keese, (5 Tex. R. 23,) and other like cases, in this, that in those the payment of the purchase money is an affirmative fact, upon which the trust, sought to be set up, is based; and therefore it must be established by other and higher testimony than by proof of the declarations of the deceased trustee. In this case the nonpayment of the purchase money by Vandever, upon which complainants seek to base the trust, is a negative fact, not susceptible of direct proof, if their allegation be true. It can only be proved by establishing circumstances corroborative of, and consistent with, the truth of their allegation; and in this point of view the admissions of the deceased trustee, well established, become appropriate, and frequently the principal testimony, to establish the negative fact. When however the admission is not only well established, but amply sustained by a strong corroborating circumstance, as in this case, the rule of evidence is complied with. (Mead v. Randolph, 8 Tex. R. 191.) The point being settled, that the deed was made upon trust for some purpose, the important question in the case remains yet to be determined; and that is, Was the conveyance made to defraud, hinder or delay creditors?

A. O. Cooley, who seems to be an intelligent and impartial witness, states that he was called on by Vandever on two occasions, and for the purpose of enlisting his aid if necessary, he was put in possession of all the facts by Vandever, as to the consideration and objects of the conveyance. This witness shows that the object of the deed was to enable Vandever to effect a sale or other disposition of the property for Freeman and wife. He further states that he heard Vandever say that "he was convinced that a party here were making every effort to crush Free-

man's family, by getting up and urging unjust claims against him (Freeman) and attaching Mrs. Freeman's property for them; that he knew this property was bought by her when she was Mrs. Holden, before her marriage with Freeman; but that it was better for her to sell it, and avoid expense and annoyance in defending it from claims against Freeman." Several of the other witnesses state that they heard Vandever say "that the deed was made for the purpose of securing Mr. Freeman from having his property taken for some illegal debt." These remarks, thus detailed by these other witnesses, were isolated from any connecting circumstances, and are entirely consistent with the version of the matter given by Cooley, when taken in connection with his testimony. That conclusion is strengthened by the fact, that the evidence does not show that there were any debts against Freeman, or that he was ever in any way involved either in debt or in litigation, even up to the time of the trial; and also by the fact that as Freeman and wife were in possession of the land, it was most probably their homestead, and would not have been liable for the debts. And again, whenever debts are spoken of, they are represented as unjust claims, in anticipation to be prefered against Freeman, and no real creditors are shown to have ever existed.

All this testimony considered together is capable of the construction that there really were, and have been, no creditors, or that this property was not liable for Freeman's debts; and that the deed was made in trust for the sale of the land. Phantom fears may have entered into their motives in wishing a sale to avoid the perplexities, as they imagined, of standing upon their legal rights; but that it was not done to defraud creditors. In some such light must the Court below have viewed the case. Having been determined in favor of appellees, it is sufficient, so far as the action of this Court is concerned, that the testimony, regarded in its strongest light for appellants, presents conflicting tendencies, of a character which would forbid the reversal of that determination, on the facts. The judgment is affirmed.

Judgment affirmed.