NALLE & CO. v. COSTLEY. (No. 5440.)

(Court of Civil Appeals of Texas. Austin. Feb. 24, 1915.)

1. FRAUDS, STATUTE OF ⬤161 — TRIAL — FINDINGS—CONSTRUCTION.

That defendant verbally agreed to pay the debt of another to plaintiffs does not appear from the record; so-called findings of fact being merely as to what certain persons testified regarding it, and. the conclusion of law that it is immaterial whether defendant made the statements, as his promise, if made, was within the statute of frauds, expressly showing no finding of fact was made as to the promise.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 380; Dec. Dig. ⬤161.]

2. APPEAL AND ERROR ⬤1122 — FINDING FACTS.

The Court of Appeals cannot, on the preponderance of evidence, make a finding of fact on an issue not passed on by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4420; Dec. Dig. ⬤1122.]

3. CONTRACTS ⬤187—CONSTRUCTION—PROMISE TO PAY.

Provision in the contract of loan by C. to G. that the mortgage held by N. shall be paid off out of the money agreed to be paid by C. to G., and in place thereof a mortgage be executed by G. to C., to secure repayment of the loan, is a promise by G. for the benefit of C., and not one of C. for the benefit of N., so as to authorize action thereon by N. against C.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. ⬤187.]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Action by Nalle & Co. against J. L. Costley. Judgment for defendant, and plaintiffs appeal. Affirmed.

J. H. Hart, of Austin, for appellants. J. Bouldin Rector and A. L. Green, both of Austin, for appellee.

JENKINS, J. [1] Appellants' first assignment of error is based upon the proposition that the verbal agreement of appellee to pay appellants' debt is not within the statute of frauds, for the reason that, although the effect of such payment would have been to extinguish the debt of Breinig and Glass to appellants, the main purpose of such promise was to serve the interest of appellee. This is a correct proposition of law, if such was the fact. Lemmon v. Box, 20 Tex. 333; McCreary v. Van Hook, 35 Tex. 632. But such fact does not appear from the record. This case was tried before the court without the intervention of a jury, and the court filed its findings of fact and conclusions of law, from which we quote as follows:

"(6) Ewell Nalle, an employé of the firm of Nalle & Co., testified, in substance, that on May 30th he called upon Glass for the purpose of collecting the weekly installment due by said Glass and Breinig; that Glass sent him to Costley; and that Costley stated to him that he (Costley) had assumed the Glass and Breinig indebtedness, and that Nalle & Co. need not worry.

"(7) Ernest Nalle, a member of the firm of Nalle & Co., testified that he had a conversation with the defendant, Costley, over the telephone with reference to the collection of the Nalle & Co. account against Glass and Breinig, in which conversation Costley stated to him, in substance, that he had taken the Glass and Breinig business over, and that he would pay the Nalle & Co. account. This witness testified that this conversation occurred after all the lumber and materials upon which this suit is based had been furnished to Glass and Breinig.

"(8) ——Veach, a former employé of Nalle & Co., testified as follows: That he saw Costley upon some date after June 5th, and that Costley stated to him, in substance: 'Tell Ernest (meaning Ernest Nalle) not to worry; I have charge of the account and will see it paid.'

"(9) I find that on May 30th the firm of Nalle & Co. learned of the contract which had been entered into between Glass and Breinig and Costley on May 27th, and I further find that on or about May 30th Nalle & Co. had become uneasy about their account, by reason of the fact that one weekly payment theretofore due them had not been paid, and by reason of the further fact that Glass and Breinig were calling upon them for more material than they had agreed to furnish, and I find that said Nalle & Co. would not have furnished said Breinig and Glass with any further material after said date of May 30th had they not believed that the defendant, J. L. Costley, was furnishing money to said Breinig and Glass and would pay their said account.

"(10) I find that the amount of material furnished by Nalle & Co. to Breinig and Glass after May 30th was of the value of $290.32.

"(11) It is not shown by the evidence that on May 30th, at the time of the alleged conversation between Ewell Nalle and Costley, that the said Costley had any notice that further materials or supplies were to be furnished by Nalle & Co. to said Glass and Breinig, or that he had any knowledge that Nalle & Co. were threatening to bring suit upon their said account. Nor is it shown by the evidence that Nalle & Co. at any time entered into any contract with Costley or with Glass and Breinig not to file suit upon their claim by reason of the alleged agreement of Costley to pay said claim, nor is it shown that Nalle & Co. waived any right they had in the premises."

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"I conclude that it is immaterial whether or not the defendant, Costley, made the statements as testified to by the witnesses Ewell Nalle, Ernest Nalle, and —— Veach, the substance of which conversations is set out in the findings of fact Nos. 6, 7, and 8, for the reason that, under the facts of this case, such promises if made by Costley, were without any valid consideration, and were within the statute of frauds."

Nos. 6, 7, and 8, above set out, are not findings of fact, but only statements of the testimony. The conclusion of law above set out expressly shows that the court made no finding of fact as to such alleged verbal promise. Consequently, appellants' assignments of error based upon the theory that appellee promised to pay appellants' debt must be overruled.

[2] Appellants' second assignment of error, in effect, asks us to find that appellee verbally promised to pay the debt sued on, for the reason that the preponderance of the evidence shows such to be the fact. Appellee denied making such promise. It is not for us to pass upon the preponderance of evidence. The controverted material facts must be found by the jury, or by the court, if there be no jury. The Court of Appeals cannot sit as a jury to find the facts upon issues not passed upon in the court below. The appellants had the right to demand that the court should make a finding of fact on this issue, but they did not do so, and have not assigned error upon the failure of the court so to do.

[3] The only remaining question for our determination is as to whether appellee promised in writing to pay the debt herein sued on. Appellants submit the following proposition:

"When one, for a valuable consideration, agrees with another to pay the debt of that other person to a third person, such agreement inures to the benefit of the third person, who may maintain an action thereon."

The proposition is correct (Mathonican v. Scott, 87 Tex. 396, 28 S. W. 1063; Spann v. Cochran, 63 Tex. 242); and, if appellee promised in writing to pay the debt owing by Breinig and Glass to appellant, the judgment of the trial court should be reversed.

That portion of the written contract between appellee and Breinig and Glass material to this issue is as follows:

"Know all men by these presents that whereas, heretofore, James L. Glass, as trustee and fiscal agent of the Riverside Park & Amusement Company, an association of individuals which is to be hereinafter incorporated under said name according to the laws of the state of Texas, entered into a certain contract with H. L. Breinig, of Terre Haute, Indiana, whereby the said Breinig is to furnish said company with the necessary equipment and plant, including labor, for the purpose of conducting an amusement park on the premises of said company in the city of Austin, Travis county, Texas, for which the said Glass as such trustee and fiscal agent, agreed to ·pay said Breinig the sum of thirty thousand ($30,000) dollars as follows: Fifteen thousand ($15,000) dollars in cash upon the certain terms set forth in said agreement and the sum of fifteen thousand ($15,000) dollars to be evidenced by stock in said company

to be issued to said Breinig upon the organization and incorporation thereof; and

"Whereas, it is necessary to procure the amount of three thousand ($3,000) dollars in cash to further promote the organization of said company and to pay for supplies and labor and other expenses in connection therewith and in the organization thereof:

"Now, therefore, this agreement made this the 27th day of May, A. D. 1911, by and between H. L. Breinig, as contractor of said company, and James L. Glass, as trustee and fiscal agent thereof, and J. L. Costley, witnesseth: That J. L. Costley agrees to pay to James L. Glass, as trustee and fiscal agent and for the purposes and benefits aforesaid, the sum of three thousand ($3,000) dollars upon the certain terms and conditions hereinafter stated and for the considerations hereinafter stated. It is agreed by and between the parties hereto that said amount of money shall be paid by said Costley to said Glass upon the requisition of said Glass and in such amounts as the needs of the company in the purchase and construction of supplies, and the payment for labor for the purpose hereinafter stated, may demand until the entire amount of said three thousand ($3,000) dollars is paid to said Glass. Said amount of money to be charged against said company and to be applied as the payments thereof may evidence upon the account of H. L. Breinig against said company as shown by said contract with said Glass. * * *

"It is further agreed that the said chattel mortgage now held by the Nalle Lumber Company shall be paid off and satisfied out of the three thousand ($3,000) dollars agreed to be paid by said Costley and that in lieu thereof a mortgage shall be executed and delivered by said Glass and said Breinig to said Costley, giving a first mortgage and lien upon all property that may be now or hereinafter erected or placed upon the premises of said company to secure the repayment to said Costley of said three thousand ($3,000) dollars, according to the terms of this agreement."

The twelfth finding of fact by the court is as follows:

"(12) I further find that the defendant, J. L. Costley, paid out upon the requisition of the said J. L. Glass, for improvements made and debts incurred in the building of said amusement park, the full sum of $3,000 agreed to be paid by him in the contract of May 27th."

The trial court filed the following conclusion of law:

"(1) I conclude that under the terms of the written contract dated May 27, 1911, entered into between Breinig and Glass and Costley, that said Costley did not undertake or agree to pay the account of Nalle & Co., he only agreeing to pay out said sum of $3,000 upon the requisition of said Glass, said Glass reserving the right to direct the payment· of said sum ·for the purposes mentioned in said contract. I conclude that the stipulation in said contract whereby it was agreed that the Nalle & Co. indebtedness be taken up was made for the benefit of Costley, and not for the benefit of Nalle & Co., and that the same constituted an agreement on the part of said Glass to pay said Nalle & Co. debt out of said proceeds, and that under the terms of said contract the said Costley would not have been justified in paying the Nalle & Co. account, except with the consent and upon the requisition of said Glass."

We concur in the conclusion reached by the learned trial court as to the proper construction of the written contract.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.