**TRI–STATE SALES CO. v. NATIONAL AUTOMATIC MACH. CO.**

No. 3966.

Court of Civil Appeals of Texas.   Texarkana.
April 16, 1931.

laws. The reasons for the holding in that case are stated in the opinion of the court affirming a judgment dismissing the suit brought by the appellant there (appellee in the instant suit). We think the conclusion reached by the court in that case was correct, and that the holding should be followed here. Therefore appellant's contention is sustained, and the judgment in question here will be reversed, and the cause will be remanded to the court below, with instructions to dismiss the action.

## HOWERTON FINANCE CORPORATION v. FARMERS' & MERCHANTS' NAT. BANK OF ABILENE et al.

### No. 856.

Court of Civil Appeals of Texas. Eastland.
April 24, 1931.

Rehearing Denied May 22, 1931.

Victor A. Smith, of Henderson, for appellant.

Futch & Cooper, of Henderson, and Paul C. Thomas, of St. Paul, Minn., for appellee.

WILLSON, C. J. (after stating the case as above).

Appellant insists it appeared the contract sued upon was in contravention of the anti-trust laws of the state (title 126, R. S. 1925, as amended [Vernon's Ann. Civ. St. arts. 7426–7447]), and that the trial court therefore erred when he held to the contrary and rendered the judgment complained of. In support of its contention, appellant cited National Automatic Machine Co. v. Smith (Tex. Civ. App.) 32 S.W.(2d) 678, where a contract containing stipulations identically the same as those in the contract here in question (set out in the statement above) was held to be not enforceable because in violation of said