## BURPEE CAN SEALER CO. v. HENRY McDONNELL CO.

### No. 3069.

Court of Civil Appeals of Texas. El Paso.

Oct. 18, 1934.

Rehearing Denied Nov. 8, 1934.

C. W. Croom, of El Paso, for appellant.

J. W. Morrow, of El Paso, for appellee.

HIGGINS, Justice.

Appellant brought this suit against Henry McDonnell, doing business under the trade-name of Henry McDonnell Company, to recover a balance, amounting to $5,001.76, of the purchase price of Burpee Can Sealers sold and delivered to the defendant. The sale had been made under a contract theretofore, on January 24, 1930, entered into between the parties by which it was agreed that McDonnell should have the exclusive right to sell the Burpee Can Sealer in El Paso county, Tex., and other described territory outside of Texas.

Among other defenses the defendant pleaded that the transaction was in violation of the anti-trust laws of this state.

Provisions of the contract pertinent to this defense are as follows:

"It is agreed that the dealer shall have the exclusive right to sell Burpee Can Sealers in the following territory: other States and 'County of El Paso in the State of Texas.'

"The Sealer Company will not sell any sealers to mail order houses sending its catalogue or literature into the territory allotted to the dealer.

"The Sealer Company is to send the dealer all inquiries received by them from the above territory and all inquiries received by the dealer outside the above territory are to be referred to the Sealer Company.

"The provisions contained in this contract as to inquiries and the respecting of territory allotted is to be imposed on all other distributors by the Sealer Company and the Sealer Company is to see that such provisions are lived up to by their distributors.

"The Dealer agrees to push vigorously the sale of the Burpee Can Sealer in the above mentioned territory and the Sealer Company agrees to furnish all the sealers that the dealer is able to sell in the above territory."

Appellee pleaded that the provision requiring appellee to forward to appellant all inquiries was an ambiguous provision which, when explained, meant that appellee was bound by said contract not to sell any of the merchandise in the state of Texas outside of El Paso county.

On the trial Mr. Burpee, who drew and signed the contract for appellant, testified:

"Q. And this inquiry that is mentioned here, is anybody inquiring of Mr. McDonnell about the purchase from him of the sealer, he was to send that to you, is that correct? A. Outside of his territory, that is right.

"Q. In other words, if someone down in Hudspeth County wrote him for the purpose of purchasing a sealer, he was obligated under this contract to send that to you? A. That is right.

"Q. But Mr. McDonnell was not to sell, was he, on that inquiry? A. Well, he was to send it to us, that would indicate that he would forget it from then on.

"Q. But the word 'Inquiries' here means inquiries for purchase of that machine? A. An inquiry is a prospective customer.

"Q. And instead of selling to that prospective customer he was to refer it to you, was he not? A. That is right.

"Q. The effect of it and the purpose of it was to have him to forget the sales outside of El Paso County and you to forget the sales in El Paso County and this other territory allotted to him? A. That is right."

Appellee testified:

"Q. Now did you have any agreement there about the territory in which you would sell and would not sell? What was that agreement, Mr. McDonnell? A. I mean that my sales under the contract were restricted to El Paso County. It was made clear that I could not go outside.

"Q. You could not sell these machines in any other county in Texas other than El Paso County? A. That is right.

"Q. Now during the course of the two years and a half that this contract continued was that condition observed both by the sealer company and by you? A. I observed it. Yes, sir, so far as I know, they observed it.

"Q. There is one phrase in the contract reading: 'The sealer company is to send the dealer all inquiries received by them from the above territory, and all inquiries received by the dealer outside the above territory are to be referred to the sealer company,' now what inquiries did that have reference to? A. That had reference to letters originating from people in this given territory who might write for information, or interested in the purchase of a sealer.

"Q. And suppose you got an inquiry from Van Horn, Texas, which is outside of El Paso County, seeking to buy a sealer, what were you obligated to do? A. Send it to Chicago to Mr. Burpee.

"Q. Not to sell that sealer? A. Not to contact the man.

"Q. That was your agreement. A. Yes."

The jury found that at the time of entering into the contract dated the 24th day of January, 1930, it was agreed between plaintiff and defendant, the defendant should not make resales of sealers to be sold to him thereunder, by plaintiff, outside the territory specified in said contract.

Upon such finding judgment was rendered for the defendant.

## Opinion.

■ The finding quoted shows a violation of the anti-trust laws of this state and precludes recovery by the plaintiff. The authorities to this effect are so clear discussion is unnecessary. W. T. Rawleigh Co. v. Land, 115 Tex. 319, 279 S. W. 810; Id. (Tex. Civ. App.) 261 S. W. 186; Henderson T. & R. Co. v. Roberts (Tex. Com. App.) 12 S.W.(2d) 154; Id. (Tex. Civ. App.) 1 S.W.(2d) 510; National A. M. Co. v. Smith (Tex. Civ. App.) 32 S.W.(2d) 678, and many cases there cited. The testimony quoted supports such finding.

■ The same authorities foreclose against appellant its insistence that the transaction was a matter of interstate commerce to which the anti-trust laws of this state could not apply and that the quoted testimony of Burpee and McDonnell was inadmissible.

The sale was a completed one and the restriction upon appellee's right to resell subjects the transaction to the operation of the anti-trust laws of this state.

■ As to the admissibility of the evidence of Burpee and McDonnell we quote from the opinion of Justice Hodges in the Land Case: "It is not required, in order to render the principal contract void, that the unlawful 'combination' be disclosed by the terms of that contract. It is sufficient if the contract is a part of a covert scheme to conduct a business in an unlawful manner." W. T. Rawleigh Co. v. Land (Tex. Civ. App.) 261 S. W. 186, at page 191.

The judgment is affirmed.