### KELLY v. BRYSON PIPELINE & REFINING CO.

#### No. 14390.

Court of Civil Appeals of Texas, Ft. Worth.

May 29, 1942.

Rehearing Denied June 26, 1942.

Herbert L. Tuchin and L. D. Hawkins, both of Breckenridge, for appellant.

Brannan & Tipps, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

The plaintiff, Bryson Pipeline & Refining Company, sued the defendant, William Kelly, who did business under the trade name of "Bill's Wrecking Shop", for the purchase price of gasoline and kerosene sold by plaintiff to defendant, amounting to $883.43. Defendant admitted in his testimony that he bought the gasoline and kerosene, and that he had not paid for it, but defended upon the ground that the merchandise was bought under a contract the terms of which were in violation of the anti-trust laws of Texas, Art. 7426 of the Revised Statutes and Art. 1632 of the Penal Code.

The trial court rendered judgment in favor of plaintiff, holding that the terms of

the contract were not in contravention of the statutes, and defendant has appealed. We have had considerable difficulty in arriving at a decision of the case. The defendant appearing to have admitted the purchase of the goods, and the nonpayment therefor, we have felt that he ought not be permitted to escape liability for payment of the goods unless the case clearly presents a violation of the statutes.

It appears without dispute from the evidence that the goods in question were sold pursuant to the terms of a written contract which had theretofore been entered into between plaintiff and defendant, whereby plaintiff agreed to sell and defendant agreed to purchase gasoline and kerosene products manufactured by plaintiff. Defendant operated an establishment on the outskirts of the city of Breckenridge, known as "Bill's Wrecking Shop", and also operated a tank truck with which he distributed gasoline and kerosene as a wholesaler to certain retail dealers in Breckenridge. The written contract in question was executed in the name of "Bill's Wrecking Shop", and the invoices for merchandise were made out in the same name. Other phases of the transactions will be discussed in connection with the specific points relied upon by defendant for reversal of the judgment.

Plaintiff suggests that since it can prove its case by showing the invoices, and the sale of the merchandise, and the nonpayment therefor, without having to resort to the written contract, it is entitled to judgment. Under its first point defendant argues to the contrary, asserting that the transactions are controlled, as to the question of validity, by the master contract. Defendant's view is supported by the decisions, among which are Columbia Carriage Co. v. Hatch, 19 Tex.Civ.App. 120, 47 S.W. 288, writ refused; Scoggins v. Furst & Thomas, Tex.Civ.App., 9 S.W.2d 405, writ dismissed; Henderson Tire & Rubber Co. v. Roberts, Tex.Com.App., 12 S.W.2d 154; Nu-Enamel Paint Co. v. Davis, Tex. Civ.App., 63 S.W.2d 861, writ dismissed.

By his second point defendant contends that the contract violates the statutes, in that it requires defendant to purchase from plaintiff all the gasoline and kerosene to be retailed by defendant everywhere. We are not able to agree with this contention. The contract was made in the trade-name of "Bill's Wrecking Shop", which the evidence shows to have been a single place of business operated by defendant. We do not construe the contract as requiring the defendant to purchase from plaintiff any gasoline or kerosene which he might handle in any other place of business which he might operate. Under this construction of the contract, it does not violate the statutes. Cox, Inc., v. Humble Oil & Refining Co., Tex.Com.App., 16 S.W.2d 285; Jones Inv. Co. v. Great Atlantic & Pacific Tea Co., Tex.Com.App., 65 S.W.2d 495; Twaddell v. H. O. Wooten Grocer Co., 130 Tex. 42, 106 S.W.2d 266.

Defendant's third point charges invalidity of the contract in the provision prohibiting defendant from reselling the products purchased from plaintiff outside the territorial limits of the city of Breckenridge. This provision reads as follows:

"No. 8. Territory. Buyer's distribution and sale of any and/or all of Seller's products, either directly or through sales by and of Buyer's customers, shall not extend beyond the limits of the territory as defined herewith.

"Breckenridge, Texas, Exclusive."

While most of the contracts which have been held to be in violation of the anti-trust statutes have also contained provisions giving the dealer an exclusive right to handle the products in a given territory, and many of them have also contained price-fixing provisions, we believe that the authorities support the proposition, and we decide this case upon the sole point, that a provision restricting the buyer to resales in a specified limited territory renders the contract invalid as being in violation of the anti-trust laws above cited. In National Automatic Mach. Co. v. Smith, Tex.Civ. App., 32 S.W.2d 678, 680, it is said: "The authorities cited below settle beyond question appellee's counter proposition that, 'where a vendee is by contract restricted to certain designated territory in which to sell or deal in certain merchandise which he purchased under the contract, the contract is void and in violation of the anti-trust laws of Texas.' * * *" See also J. R. Watkins Co. v. Myers, Tex.Civ.App., 255 S.W. 1002; J. R. Watkins Co. v. McMullan, Tex.Civ.App., 6 S.W.2d 823; Tri-State Sales Co. v. National Automatic Mach. Co., Tex.Civ.App., 38 S.W.2d 838; Burpee Can Sealer Co. v. Henry McDonnell Co., Tex. Civ.App., 75 S.W.2d 458, writ refused.

Defendant's fourth and fifth points, and plaintiff's fifth counter-point, relate to

the question of whether plaintiff can recover the amount of the motor fuel taxes on the products sold, even though it be held that no recovery can be had for the sales price of the gasoline and kerosene.

The thirteenth paragraph of the contract provides: "Any tax or other charge imposed by State, Federal or Municipal Government, now in effect or imposed after the execution of this contract but before its complete fulfillment, upon any of the petroleum products sold hereunder, shall be paid by Buyer."

In the invoices accompanying the shipments of goods sold, the amounts of the federal and state taxes are itemized separately from the prices charged for the products. The total of the taxes against the goods involved is $490.52, while the total price of the goods sold, after deducting the amount of the taxes, is $392.92. The body of plaintiff's petition does not refer to the taxes as a separate item of recovery, but the invoices, which show the amounts of the tax items, are attached to the petition and by reference are made a part of it. Assuming for the sake of argument that plaintiff paid the taxes and that by virtue of the contract it became entitled to reimbursement from defendant, the right of such reimbursement exists by reason of the contract. Enforcement of the contract failing by reason of its invalidity, enforcement of any part of it must fail.

In its second and fourth counterpoints, plaintiff urges that the contract should not be held violative of the anti-trust laws because of the provisions of the contract relating to the furnishing by plaintiff of items of selling equipment, including glass globes, decals and signs, and because of the provisions relating to the licensed handling of Tetra Ethyl Products. In our opinion these provisions are not sufficient to relieve the contract of the vice of restricting the territory in which the products could be resold. Furnishing the items of selling equipment was doubtless for the purpose of advertising plaintiff and its products. We do not consider that the territorial restriction is shown by the evidence to have been necessary to the proper handling of the Ethyl Products.

In the concluding paragraph of its brief plaintiff says: "This debt is an honest debt and payment thereof should not be precluded by a strained construction of the Anti-Trust Laws."

This plaint is understandable. An examination of the decided cases reveals many instances where a debtor has escaped payment of debts without any excuse other than that he, with another, violated the law by signing a contract held to be in contravention of the anti-trust statutes, which statutes, we may agree, were designed to prevent wrongs rather than to encourage them. But it is now definitely established that a recovery must be denied where the contract violates the statutes.

We call the attention of both parties to the fact that they failed to index their briefs as required by Rule 421, Rules of Civil Procedure. We have considered the briefs, but wish to urge that this rule uniformly be observed by counsel, and especially call attention to the provision requiring a cross-index in reply briefs.

The judgment of the trial court is reversed, and judgment is here rendered in favor of appellant.