B. F. FRALEY *v.* A. H. MARCH and others, Adm'rs of C. F. FISHER, and others, HEIRS, &c.

An action by the holder of certain notes given for the purchase of land against the purchaser of the land, and others, to be subrogated to the rights of the vendor, in the contract of sale of the land, which is substantially the same as an action "for the foreclosure of a mortgage of real estate," must be tried in the county in which the land is situate. Code of Civil Procedure, sec. 66.

MOTION for a change of *venue,* heard by *Cloud, J.,* at ROWAN Superior Court, at Fall Term, 1872.

In his complaint, filed at Fall Term, 1872, of Rowan Superior Court, the plaintiff alleges, that on the 18th August, 1860, C. F. Fisher, the intestate of the administrators, who, together with the heirs of the said C. F. Fisher, are defendants in this action, sold a tract of land situate in the county of Davidson, to the defendant, A. H. March, for the sum of $3,500, and entered into a contract, covenanting to make title to said land upon the payment of the said purchase money, as follows: $1,000 to be paid within twelve months; $2,250 to be paid within two years; and the like sum of $2,250, within three years from the date of the said contract, and for which said several sums the said March gave his notes with interest from date. That March paid

the note of $1,000. That Fisher, the intestate, died in 1861, and letters of administration was granted to the said A. H. March, Burton Craige and R. A. Caldwell, defendants, in the county of Rowan, and that the remaining notes of $2.250 each above described, came into the hands of the administrators as assets.

The plaintiff further alleges, that at the time of his death, the intestate, Fisher, owed him upwards of $5,000, and that in a settlement with Craige and Caldwell, two of the administrators, he, the plaintiff, accepted from them the said two notes on March, the other administrator and defendant, as so much cash in part payment of his claim; the administrators, Craige and Caldwell, informing him that the land sold by Fisher to March was bound for the payment of the said notes, and that he, the plaintiff, would be entitled to the benefit of the land, as collateral security for the payment of the balance of the purchase money. That upon this information and assurance, he, the plaintiff, accepted the notes, and took assignments, &c. That the defendant, March, has wholly failed to pay the notes, or any part thereof, although often requested, and has kept possession of the land, using the same and appropriating the profits thereof to his own use.

The plaintiff demands judgment, that he be subrogated to the rights of the intestate, the said Fisher, his heirs at law, and his personal representatives, in regard to the contract concerning said land; and that defendant March be required specifically to perform the contract on his part, by the payment of the residue of the purchase money for said land to plaintiff, with interest, or in case he, the defendant March, refuses to pay, &c., that the land be sold, and the proceeds of sale be applied in payment of the debt due the plaintiff, and for such other relief, &c.

At the same term of the Court, the defendant, March, files a demand in writing to have the place of trial changed; alleging that the County of Davidson, and not Rowan, is

the proper place in which to try the action. His Honor being of opinion with defendant, ordered the case to be removed into the Superior Court of Davidson county. From this judgment, the plaintiff appealed.

*Wilson,* for appellant.
*Blackmer & McCorkle,* contra.

READE, J. The law of the *venue* of actions, with reference to the residence of the parties does not govern this case, but the law of the *venue* with reference to the "subject of the action." It is substantially an action "for the foreclosure of a mortgage of real property;" and that must be tried in the county where the land is situate. C. C. P. 66.

No error. Affirmed.

This will be certified.

PER CURIAM.　　　　　　　　　　　　Judgment affirmed.