Michael C. McDonald

*v.*

Edward G. Asay *et al.*

*Filed at Ottawa June 15, 1891.*

1. Supplemental bill—*when applicable.* A supplemental bill is properly applicable only to cases where the same parties in the same interests remain before the court. But when the relief required is of a different kind, or upon a different principle from that in the original decree, an original bill in the nature of a supplemental bill may be filed.

2. Chancery—*bill in the nature of supplemental bill—where to be filed.* A surety on an appeal bond, after the affirmance of the decree appealed from, sued out an execution on the decree, and had the same levied on land in another county, the title to which stood in the name of another. He then filed what assumed to be a supplemental bill in the original case, making the party holding the legal title a defendant, who was not a party to the decree, and sought thereby to subject the land to sale under the execution: *Held,* that the bill was an original bill in the nature of a supplemental bill, and should have been brought in the county where the defendant resided, and in which the lands sought to be affected were situate.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

Mr. L. S. Hodges, for the appellant:

Complainants in the original bill might have filed the supplemental bill for the same purpose that McDonald did, and at the time that McDonald filed the supplemental bill, had he not, as surety, paid them the amount for which he was liable as surety, and this though a decree had been entered on the original bill. Story's Eq. Pl. secs. 337, 338; Cooper's Eq. Pl. 76; 2 Daniell's Ch. Pl. and Pr. 1515, 1536.

To enable McDonald, as surety, to enjoy all the rights and to employ all the remedies of the original complainants to which he is by payment subrogated, the decree will be kept alive after payment by the surety. Bispham's Eq. sec. 336; *Dunlop* v. *O'Bannon,* 5 B. Mon. 393; *Lochenmeyer* v. *Fogarty,* 112 Ill. 583; *Rice* v. *Rice,* 108 id. 199.

By the payment of the claim of Allen & Co., complainants in the orignal bill, the decree was not satisfied, so as to prevent McDonald from pursuing all the remedies to enforce the decree against Asay which the original complainants had before such payment. *Lidderdale* v. *Robinson,* 12 Wheat. 594; *Lewis* v. *Palmer,* 28 N. Y. 271; *Binks* v. *Binks,* 2 Bligh, 593.

McDonald's supplemental bill being in the nature of an amendment to the original bill, Asay has been before the court since the bill was filed, and this gives the right to bring in other parties, and this gives the right to issue summons to another county to bring in such necessary parties. Daniell's Ch. Pr. 1536; Story's Eq. Pl. sec. 338; *Mix* v. *Beach,* 46 Ill. 311.

Mr. W. C. Asay, for the appellees:

The principal difference between an original bill in the nature of a supplemental bill, and a supplemental bill, seems to

be, that a supplemental bill is applicable to such cases only where the same parties or the same interests remain before the court, whereas an original bill in the nature of a supplemental bill is properly applicable where new parties, with new interests, arising from events occurring subsequent to the institution of the suit, are brought before the court. A bill of this nature is properly called an original bill in the nature of a supplemental bill, because it is original as to the new parties and new interests; and it is, in some sort, supplemental also, as being an appendage to the former bill as to the old parties and old interests.

A bill in the nature of a supplemental bill may also be required, not only where new interests arise, either before or after a decree, but also where relief of a different kind, or upon a different principle, is required from that in the original decree. Puterbaugh's Ch. Pr. chap. 16, par. 1.

The appellees are residents of Ogle county, and the land in question is entirely in Ogle county. The "supplemental" bill tries to include new parties. The "supplemental" bill proceeds on a different principle from the original bill. This proceeding, therefore, should have been begun as either an original bill or "an original bill in the nature of a supplemental bill," and in either case, it is conceded, appellees had the right to plead to the jurisdiction.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Decree was rendered in the circuit court of Cook county, on the 21st of December, 1886, in favor of Paris, Allen & Co. against Edward G. Asay, as assignee of Gage & Rice, for $2850. Asay appealed from that decree to the Appellate Court for the First District, and M. C. McDonald became his surety upon his appeal bond. The decree of the circuit court was affirmed by the Appellate Court, and thereafter McDonald paid the amount of the decree to Paris, Allen & Co. After

making such payment, McDonald caused an execution to be issued on the decree, and levied it upon lands situated in Ogle county, the title of record whereof was in Emma O. Asay and Margaret I. Asay, and he afterwards obtained leave to file what he termed a supplemental bill, in the circuit court of Cook county, wherein he alleges that since the rendition of the decree in favor of Paris, Allen & Co., on the 21st of December, 1886, against Edward G. Asay, and after he (McDonald) had paid the amount thereof to the complainants in that suit, he had learned that Edward G. Asay, on or about the 16th of May, 1885, purchased the lands in Ogle county upon which the execution was levied, but caused the same to be deeded to Emma O. Asay and Margaret I. Asay, instead of to himself, for the fraudulent purpose of hindering his creditors, and preventing Paris, Allen & Co. from obtaining satisfaction of any decree which might be rendered in their favor against him. McDonald further alleges in his bill, that the title to the lands levied upon still stands in the names of Emma O. and Margaret I. Asay, and that Edward Asay resides thereon and assumes the management and control thereof; that a large portion of the money held by said Asay, as assignee of Gage & Rice, and due to the complainants in the original bill, as found by decree therein, was used by Edward G. Asay in the purchase of said premises; and the levy of execution on said premises and filing certificate of same in Ogle county, and that Edward G. Asay has no personal property subject to levy and sale. Edward G. Asay, Emma O. Asay and Margaret I. Asay are made parties defendant. The prayer is, that Edward G. Asay may set forth and state the circumstances attending the conveyance of said premises to said Emma O. Asay and Margaret I. Asay, how the payments were made and from whence the money was derived, and that he, McDonald, may have the same relief that original complainants could have. To this bill the defendants interposed the plea that they were all, at the time of filing the supplemental bill, residents

of Ogle county, and that the bill does not affect the title to real estate in Cook county, where the bill was filed. McDonald refused to reply to the plea, and, upon hearing, the court dismissed the bill. The decree of the circuit court was affirmed on appeal to the Appellate Court for the First District.

The contention of appellant is, that this being a purely supplemental bill, it is sufficient that the Cook county circuit court had jurisdiction of the original bill. But the courts below held, (and in that ruling we concur,) that this is not a purely supplemental bill, but that it is an original bill in the nature of a supplemental bill. A supplemental bill is said to be properly applicable only to cases where the same parties in the same interests remain before the court. (Story's Eq. Pl. sec. 345.) But where relief of a different kind, or upon a different principle, is required from that in the original decree, an original bill in the nature of a supplemental bill may be filed. Story's Eq. Pl. sec. 351 b.

No relief was sought in the original bill against Emma O. Asay and Margaret I. Asay, and they were not parties to that bill, and it is palpable that whether those individuals are entitled to hold the lands in controversy as against the creditors of Edward G. Asay, must depend upon entirely different evidence, and the application of different legal principles, from what is required under the original bill.

Under the facts presented by the plea, only an original bill in the nature of a supplemental bill could be filed, and that should have been in Ogle county, where the lands sought to be affected lie and all the defendants reside.

The judgment is affirmed.

*Judgment affirmed.*