CONNOR v. DILLARD.

(Filed September 24, 1901.)

1. VENUE—*Removal of Causes—Foreclosure of Mortgages—The Code, Sec. 190, Subd. 3.*

   An action for the foreclosure of a mortgage must be tried in the county in which the land is situate.

2. APPEAL—*Premature—Venue—The Code, Sec. 190, Subd. 3.*

   An appeal from an order refusing to remove a cause for trial to another county, under The Code, Sec. 190, is not premature.

ACTION by H. G. Connor, executor of William Barnes, against Ed. Dillard, heard by Judge *A. L. Coble,* at May Term, 1901, of the Superior Court of WILSON County. From an order refusing to remove the case to another county, the defendant appealed.

*H. G. Connor & Son,* for the plaintiff.
*Jacob Battle* and *B. H. Bunn,* for the defendant.

CLARK, J. This is an action brought in Wilson County to enforce payment of a bond given for part purchase-money of the Floyd tract of land, lying in Nash County, with an allegation in the complaint and an agreement of record in this action, that it was stipulated in the contract of sale that payment should not be coerced out of any other property of the defendant, and the complaint asks only that judgment be "enforced by execution against said Floyd tract." The bond is one of a series secured by mortgage, though the complaint is not in form for the foreclosure thereof.

The defendant moved to remove to Nash County, under section 190 (3) of The Code. The motion should have been

granted, because the action is "substantially for the fore-closure of a mortgage" (*Fraley v. March,* 68 N. C., 160), and the judgment could be enforced only by subjecting a particular tract of real estate in another county. The enforcement of the judgment against that land is the sole object of the action. *Manufacturing Co. v. Brower,* 105 N. C., 440. If the action had been for a mere personal judgment, though on a mortgage note, it could have been brought where plaintiff resides, and docketing the judgment would not convey to plaintiff any estate in debtor's land. *Gammon v. Johnson,* 126 N. C., 64; *McLean v. Shaw,* 125 N. C., 491.

In *Baruch v. Long,* 117 N. C., 509, the motion to remove was made under subsection 1 of this section 190, and it was held that the lien of a docketed judgment was not such "estate or interest" in realty as entitled the defendant to remove the action to the county where such judgment was docketed. That action was a creditor's bill to set aside as fraudulent certain judgments suffered by defendant and certain transfers of property by him. The proceeding was not, as here, to enforce collection under the judgment lien (which is in the nature of a statutory mortgage, *Gambrill Mfg. Co. v. Wilcox,* 111 N C., 42), but was calling in question the *bona fides* of the judgments and transfers. This in nowise affected the enforcement of the lien, nor required the examination of title to realty, but was a personal action against the defendant, calling only for the investigation of his conduct in suffering such judgment—not its lien and effect, if valid. This appeal was not premature. *Roberts v. Connor,* 125 N. C., 45. In refusing to remove there was

Error.