## H. C. BRIDGERS v. W. W. ORMOND ET AL.

### (Filed 30 September, 1908.)

1. **Deeds and Conveyances—Deed in Escrow—Action for Possession—Procedure.**

    An action for the possession of a deed to lands held in escrow, alleging the fulfillment of the conditions thereof, involves the title to lands, not merely the delivery of the deed, and the ancillary or provisional remedy of claim and delivery will not lie.

2. **Same—Judgment—Title—Jurisdiction—Removal of Causes.**

    The effect of a verdict and judgment in an action for the delivery of a deed held in escrow, determining that the conditions thereof have been complied with, will be to transfer, not simply the deed, but the actual title to the land. If the deed should be destroyed, the judgment could be made to operate as a deed, or the court could decree the execution of another. Hence it was not error in the court below to order that the cause be removed to the county wherein the land is situated. (*Pasterfield v. Sawyer*, 132 N. C., 258; *s. c.*, 133 N. C., 44, cited and distinguished.)

ACTION heard before *Cooke, J.,* at June Term, 1908, of EDGECOMBE, to recover possession of a deed, alleged to be in the possession of the defendants.

Before answering, the defendants applied for removal to the county of Greene. From the order removing the cause the plaintiff appealed.

*John L. Bridgers* for plaintiff.
*Jarvis & Blow* for defendants.

BROWN, J. It does not appear that the ancillary or provisional remedy of claim and delivery has been resorted to in this action, and in order to maintain an action for the recovery of personal property it is not essential that it should be. The action may proceed to trial and the title to personal property be determined without resorting to the provisional remedy.

The complaint discloses that the purpose of the action is to recover possession of a deed that has never been in possession of the plaintiff. The deed was deposited in escrow, to be delivered upon the performance of a contract entered into by plaintiff and defendant Beaman in respect to the building of a railroad to Hookerton and the construction of a depot.

The land described in the deed is situated in the county of Greene. The plaintiff's right to call for the delivery of the deed depends upon the determination of the fact, in his favor, that he has complied with certain conditions which entitle him to demand and receive the deed. If the allegations of the complaint are denied (which they must be taken to be for the purposes of this motion), then the right of the plaintiff to recover the land, not the deed solely, depends upon his ability to establish the facts he has alleged.

Thus it is plain to us that the actual title to the land will depend upon the findings of the jury, under the instructions of the court, to the issues submitted upon the pleadings. The effect of a verdict and judgment for the plaintiff would be to transfer, not simply the deed, but the actual title of the land to him. If the deed should be destroyed in the meantime, the judgment of the court could be made to operate as a deed, or the court could decree the execution of another.

Our statute is plain, and provides that actions for the recovery of real property or for the determination of any interest therein or for injuries thereto must be tried in the county where the property is situated.

While the plaintiff has now no such seizin as would enable him to maintain an action against a stranger for trespass upon land, he alleges an equitable title thereto, and when he establishes the allegations of his complaint, and a final decree is entered upon the findings, he will become seized, in fact and law, of the property.

There is no doubt that the old action of replevin or our modern provisional remedy of claim and delivery, which is a substitute for replevin and detinue, is appropriate for the recovery of deeds or certificates of stock and the like, when the object of the action is to regain possession of the specific papers and not to test the right or title to the property which they represent. When there is a dispute about the delivery of a deed conveying land, or when the right to demand its delivery is the question to be determined, such proceeding will not lie. Cobbey on Rep., sec. 2; 7 Lawson Rights and Rem., sec. 3643; *Flannigan v. Coggin,* 71 Wis., 28; *Hooker v. Latham,* 118 N. C., 186; *Pasterfield v. Sawyer,* 132 N. C., 258; *s. c.,* 133 N. C., 44. The decision in the last case is put upon the express ground that there is no evidence tending to prove an escrow. That the deed which plaintiff claims is in escrow appears from his complaint.

The facts set out in the complaint are sufficient to maintain the action to compel the delivery of the deed, but the issues, when raised, must be tried in the county of Greene, unless a removal for cause is ordered hereafter from that county to some adjoining county.

The order of removal is

Affirmed.