W. B. COUNCILL v. C. M. BAILEY.

(Filed 20 December, 1910.)

1. Equity—Contracts—Specific Performance—Pleadings—Prayers for Relief.

In a suit for specific performance brought by the vendor, the measure of the kind of relief a court of equity will grant is not necessarily determined or controlled by the relief demanded in the complaint, but by the facts set out in the pleadings.

2. Same—Measure of Relief.

Plaintiff in an action against the vendee alleged in his complaint that the latter had entered into a written contract with him for the purchase of certain lands, and he had tendered him a good and sufficient deed in accordance with the terms and conditions of his contract to convey, and prayed for a judgment for the purchase money, adding a general prayer "for such other and further relief to which he may be entitled": *Held,* sufficient to warrant a judgment for a specific performance of the contract in every respect, including a declaration of a vendor's lien upon the land and a direction for a sale thereof to satisfy the debt.

3. Equity—Contracts—Specific Performance—Vendor's Lien—Sales —Removal of Causes.

When it appears from the complaint in an action to enforce specific performance by the vendee of a contract to convey lands that a court of equity would decree a vendor's lien on the land and order it sold for the payment of the purchase price, if the alleged facts were established, the suit partakes in substance of the nature of one for the foreclosure of a mortgage, and is removable to the county in which the land is situated. Revisal, sec. 419.

APPEAL from *Webb, J.,* at May Term, 1910, of CATAWBA.

This action was brought to recover the sum of $6,000, alleged to be due by the defendant under a contract with the plaintiff to purchase from him a tract of land in Rowan County. Plaintiff alleged that he entered into a written contract with the defendant whereby he agreed to sell and convey to him his farm in the said county for $6,000; that he tendered a deed for the land and demanded the payment of the purchase price.

The defendant objected to an exception in the deed of certain timber on the land, whereupon the plaintiff tendered, with the deed, a collateral agreement which he alleged had the effect of removing the objection raised by the defendant; but he again refused to pay the money and accept the deed, even with the agreement, for the stated reason that he had made, or was about to make, other investments and would not be able to pay for the land.

The plaintiff further alleges his readiness and ability to perform his part of the contract, and renews his tender of the deed and the agreement to the defendant, although he is not bound, as he is advised, to tender the agreement, as the objection of the defendant to the deed is not a valid one, and the plaintiff's tender of the deed is sufficient compliance by him with the terms of the agreement.

In a second cause of action the plaintiff seeks to recover damages which he has suffered by reason of a breach of the contract by the defendant.

Before the time for answering had expired, and before any answer was actually filed, the defendant requested the court, in writing, to remove the case from the county of Catawba, where the plaintiff resides, to the county of Rowan, where the land is situated and the defendant resides. The court refused to change the place of trial. The defendant excepted and appealed.

In his answer, the defendant denied all of the material allegations of the complaint and specially averred that the Salisbury Realty and Insurance Company, alleged in the complaint to have made the contract of purchase on his behalf, was not his agent and had no authority to make any such contract for him, and further, that neither the defendant nor any one in his

behalf with authority to do so has ever made or signed any contract or any note or memorandum thereof in writing for the purchase of the said land.

*M. H. Yount, W. A. Self, and A. A. Whitener for plaintiff. W. P. Bynum and Clement & Clement for defendant.*

.WALKER, J., after stating the facts: We need not consider the question, which was much debated before us, whether an action for the specific performance of a contract to convey land is in form or effect one for the recovery of land, or any estate or interest therein, or for the determination of such right or interest within the meaning of those words as used in Revisal, sec. 419, which requires actions of that character to be tried in the county wherein "the subject of the action, or some part thereof, is situated," subject to the right of removal in cases mentioned in the statute. Even ·if a suit for specific performance be considered as strictly one *in personam*—and this question we do not decide—there is another clause of the statute which applies to this case and localizes the action. It is provided in the same section that an action for the foreclosure of a mortgage must be tried in the county where the subject of the action, or some part thereof, is situated. In *Fraley v. March,* 68 N. C., 160, which was an action for the specific performance of a contract by the assignee of the vendor against the vendee, the court held that "the law of the *venue* of actions, with reference to the residence of the parties, does not govern this case, but the law of the *venue,* with reference to the 'subject of the action.' It is substantially an action 'for the foreclosure of a mortgage of real property,' and that must be tried in the county where the land is situate." It is true, the plaintiff in that case expressly prayed that the land be charged with the payment of the note remaining unpaid, and that it be sold and the proceeds applied in satisfaction of the balance of the purchase money due by the defendant, the vendee; but he would have been entitled to that relief without any specific prayer for it, upon the facts alleged in his complaint. It is not the form of the demand for relief which will determine the measure or

the kind of relief that will be granted, but the facts set out in the pleading. Pell's Revisal, secs. 463 (3) and 565, and cases cited.

In *Knight v. Houghtalling,* 85 N. C., 17, the Court said: "We have not failed to observe that the answer of the defendants contains but a single prayer for relief, and that for a rescission of their contract. But we understand that, under· The Code system, the demand for relief is made wholly immaterial, and that it is the case made by the pleadings and the facts proved, and not the prayer of the party, which determines the measure of relief to be administered, the only restriction being that the relief given must not be *inconsistent* with the pleadings and proofs. In other words, The Code has adopted the old equity practice when granting relief· under a *general prayer,* except that now no general prayer need be expressed in the pleadings, but is always implied." *Vorhees v. Porter,* 134 N. C., 591.

In this case the plaintiff, it is true, asks for a judgment for the purchase money, but he adds a general prayer "for such other and further relief as he may be entitled to"—that is, not only for a money judgment, but that he may also have full relief according to the facts he has alleged, and within the scope of the case made by his complaint, the allegations of the complaint being sufficient in form and substance to fully warrant a judgment for a specific performance of the contract in every respect, and at least for the declaration of the vendor's lien upon the land and a direction for a sale thereof to satisfy the debt. Even under the former system, when the two jurisdictions of equity and law were kept separate and distinct, it was settled by actual adjudication and the highest authority that "a prayer for general relief covers and includes a prayer for specific performance," or any particular relief permitted under a general prayer, where the statement in the body of the bill was sufficient to authorize the granting of such specific relief. *Tayloe v. Ins. Co.,* 9 How. (50 U. S.), 390. "We do not pause to consider the scope of the relief which it might be possible to accord on such a bill. Doubtless, the specific prayers of this bill are in many respects open to objection, but there is a prayer

for general relief, and, under that, such appropriate decree as the facts might be found to justify could be entered, if consistent with the case made by the bill, and not inconsistent with the specific prayers in whole or in part, if that were also essential." *Kansas v. Colorado,* 85 U. S., 145; Daniel Ch. Pr. (4 Am. Ed.), 380.

It was held in *Jones v. Van Doren,* 130 U. S., at p. 692, that when specific relief is demanded a court of equity will decree such relief as the facts stated in the bill will justify and which is essential to render the specific relief which is sought by the bill complete and effective, if there be a prayer for general relief. *English v. Foxall,* 2 Peters, 595; *Texas v. Hardenburg* (sometimes cited as *Texas v. White*), 10 Wall., 68; *Stevens v. Gladding,* 17 How. (58 U. S.), at p. 455; *Railway v. Trust Co.,* 79 Fed. Rep., at p. 187.

If the plaintiff makes out his case, as stated in the complaint, at the final hearing, he will be entitled, upon the present frame of his pleading and prayer for relief, not only to a judgment for the recovery of the purchase money, but also to a declaration of his lien upon the land as a security for the debt, and, besides, to an order for the sale of the land and the application of the proceeds of sale to the payment of the debt; and if they are not sufficient for that purpose, then to judgment for the excess. *R. R. v. Trust Co., supra.*

Returning to the original proposition, if it be true, that an action of this kind is in substance, though perhaps not in form, one for the foreclosure of a mortgage, or, more properly speaking, a lien in the nature of a mortgage (*McKay v. Gilliam,* 65 N. C., 130), it should be tried, under our statute, in the county where the land lies. In *Scarlett v. Hunter,* 56 N. C., 84, this Court held that where there is a contract for the sale of land, the vendee is considered, in equity, as the owner and the vendor retains the title as security. He may rest satisfied with this security as long as he chooses, and when he wants the money, he has the same right "to compel payment" by a bill for specific performance as the vendee has to call for the title. The remedy is mutual. In *Connor v. Dillard,* 129 N. C., 50, the cause of action was for the recovery of the amount due upon

a note given for the purchase money of land under a contract of sale. There was a stipulation that there should be no personal liability of the vendee, but that the debt should be collected only out of the land. Plaintiff asked merely for a judgment for the debt and a satisfaction of it by a sale of the land, not under an order or decree of the court, but by the ordinary process of execution, and it was held that the action was "substantially one for the foreclosure of a mortgage," and the action should have been removed, upon application, to the county where the land was situated. It will be noted that the plaintiff prayed for a judgment for the amount of the debt, to be satisfied only by a sale of the land under execution, whether it brought enough to fully pay the judgment or not. Wherein does that case differ in principle from this one? In this case the plaintiff asks for judgment upon the debt, and under his general prayer it can be satisfied by a sale of the land, and he will further be entitled to judgment for the excess of the debt if the proceeds of the sale are not sufficient to pay it; but this does not differentiate the two cases. It is the right of the plaintiff to subject the land by sale to the payment of the debt that renders this suit analogous to one for the foreclosure of a mortgage, and when this is done under an order or decree of the court, it is more like a foreclosure suit than when the sale is made under an ordinary execution which may issue in a case at law. It is true that a mortgagee may sue for his debt without asking for a foreclosure, and collect the money by execution upon his judgment; but this is not what the plaintiff has done in the case before us, for he asks for more. There is a special prayer for judgment for the debt, and then a general prayer for further relief. What other relief can he possibly have awarded except an order for the sale of the land? And even if there is any other, we have seen that he is also entitled to such a sale under his general prayer—in other words, to complete relief in every respect covered by the allegations of his complaint. Fry on Spec. Perf. (3 Ed.), sec. 1138 *et seq.*

This Court has recently held in *Ormand v. Bridgers,* 148 N. C., 375, that such a motion as this one must be considered with reference to the questions that may be raised by the plead-

ings, and do not depend for their decision solely upon the allegations of the complaint. But in our case the sale of the land to pay the debt is within the scope, not only of the complaint, but of the prayer for relief.

In *Barnes v. Strong,* 54 N. C., 100, it was held that a decree for a specific relief will be granted under the general prayer in the bill, provided it is not inconsistent with the specific relief prayed, and is according to the allegations of the bill, that is, within their scope, so that if they are admitted or established by proof, the relief follows, as a matter of course, in order to administer complete relief and settle the entire controversy. Adams Eq., 309; Mitford Ch. Pl., 39; 1 Madd. Ch. Pr., 171, are cited as settling the practice in this respect. In that case the complainant was granted relief for which he had not specifically prayed, under his general prayer, it being within the general scope of his bill.

Our present procedure is more liberal, if anything, than was that of the former court of chancery, for now we have held that no general or even specific prayer is necessary, as a proper prayer is implied. *Knight v. Houghtalling, supra.* Relief is granted upon the case presented by the pleadings and afterwards established by proof.

Can it be said that the plaintiff will not be entitled to have the land sold to pay the judgment as the complaint now stands? The authorities we have cited, and many others, answer this question in the affirmative, and this being so, the case falls directly within the rule stated in *Fraley v. March, supra,* and *Connor v. Dillard, supra.* It should, therefore, have been removed.

Reversed.