WOFFORD-FAIN & CO. ET ALS. v. M. A. HAMPTON AND WIFE, MATTIE J. HAMPTON.

(Filed 30 May, 1917.)

**1. Venue—Actions—Statutes—Residence of Parties—Lands.**

Revisal, sec. 424, providing that the venue of causes of action shall be where the plaintiffs or defendants or any of them reside, is general in its terms and subject to the provisions of Revisal, sec. 419, subsec. 1, specifying the venue for the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, etc., shall be in the county in which the subject of the action or some part thereof is situated.

**2. Same—Creditors' Bill—Principal Relief—Deeds and Conveyances—Fraud.**

Where the wife of a debtor is made party defendant in an action in the nature of a creditors' bill in order to set aside his deed to her for fraud and subject the land to the satisfaction of the demands of his creditors, the suit to establish the plaintiffs' claims will be considered as incident to the essential and controlling purpose of setting aside the deed, and the venue governed by Revisal, sec. 419, requiring that the suit be brought in the county wherein the land, etc., is situated.

**3. Corporations—Venue—Statutes—Deeds and Conveyances—Fraud.**

Revisal, sec. 422, is for the purpose of determining the residence of domestic corporations, and does not affect the question of the venue of an action in the nature of a creditors' bill to set aside a husband's deed to his land to his wife alleged to be fraud of the creditors' rights.

APPEAL by defendants from *Harding, J.,* at November Term, 1916, of CHEROKEE.

In the case on appeal the question is stated as follows: "This was a civil action heard before his Honor, W. F. Harding, at November Term, 1916, of Cherokee, upon the motion of the defendants for a change of venue under section 419 of the Revisal. The suit was a creditors' bill

The plaintiffs ask judgment against the defendants for the amounts of their several claims and ask that a deed from the defendant M. A. Hampton to his wife, Mattie J. Hampton, his codefendant, be set aside on the grounds set out in the complaint. His Honor held that Cherokee County, which is the residence of two of the plaintiffs, is the proper venue, although the defendants live in Clay County, and the land embraced within the deed attacked lies in Clay County, and declined to remove the case. To the ruling of the court that Cherokee County was the proper venue, and to its refusal to remove the case to Clay County, the defendants excepted and assign same for error."

*W. M. Axley, E. B. Norvell and M. W. Bell for plaintiffs.*
*O. L. Anderson and Dillard & Hill for defendants.*

HOKE, J. This is an action in the nature of a creditors' bill, instituted by several corporations as plaintiffs, two of them at least resident in Cherokee County, against M. A. Hampton and wife, Mattie J., seeking to establish their claims against the individual male defendant and to set aside a deed for land executed by said defendant to his said wife, on the ground that the same was fraudulent and void as to creditors, said defendants being resident in the county of Clay and the land being situate in that county.

It is established that, under our present system of procedure in which the principles of law and equity are administered in one and the same court, a suit of this character can be maintained by creditors and without having first reduced their claims to judgment and issued ineffective execution thereon, as formerly required. *Smith v. Summerfield,* 108 N. C., 284; *Bank v. Harris,* 84 N. C., 206. But, on the facts presented in this record, we are of opinion that the proper venue for prosecuting such a suit is in the county of Clay, and that the defendants' motion for removal should have been allowed.

In Revisal, 1905, sec. 419, subsec. 1, the portion of the statute on venue more directly relevant, it is provided that actions for the recovery of real property or of an estate or interest therein or for the determination in any form of such right or interest and for injuries to real property shall be held in the county in which the subject of the action or some part thereof is situated. And the general statute, after establishing a venue for this and other specified causes, in section 424 enacts "That in all other cases the action shall be tried where the plaintiffs or defendants or any of them reside," etc. By the express terms of the statute, therefore, this general provision is made subject to the others, and under the section localizing actions which affect real estate or determine any interest therein, this present suit, which, in its controlling purpose,

seeks to declare that the *feme* defendant holds not title to the property under her deed, but that the same is owned by her husband, must be instituted in the county of Clay, where the real estate is situate. While the precise question does not seem to have been as yet presented in this jurisdiction, there are many well considered decisions elsewhere, on statutes similar to our own, which directly approve the position, *Acker v. Leland,* 96 N. Y., 383; *Castleman v. Castleman,* 184 Mo., 432; *McDonald v. Asay,* 139 Ill., 123; *Krolich v. Bulkely,* 58 Mich., 407; *Campbell v. Securities Co.,* 12 Col. App., 544; and the case in this State of *Councill v. Bailey,* 154 N. C., 54, an action to enforce a specific lien on real property in the nature of a mortgage, and *Bridgers v. Ormond,* 148 N. C., 375, an action to compel delivery of a deed held in escrow on allegation of conditions performed and which, in effect, determined the ownership of realty, are in recognition of the principle.

It is urged for plaintiff that, as the suit is to establish the claims of plaintiffs as well as to set aside the deed, the action could therefore be maintained in Cherokee under section 424, two of the plaintiff corporations having their residence in that county. While plaintiffs have an undoubted right to litigate and establish their claims in this suit, and their right to do so is sometimes referred to as a separate action, it is clear that the action, in its essential and controlling purpose, is to establish the title in their debtor and to destroy that of the *feme* defendant. There is no other reason or justification for making the latter a party, and as against the husband alone there would be no right of joinder in plaintiffs against him except as it grows out of their prayer to set aside this deed and the facts alleged in support of that position. As a matter of fact, some of the claims, being under $200, are not within the original jurisdiction of the Superior Court and could not be maintained there except for the common purpose of assailing the deed. On the facts of this record, therefore, the suit to establish plaintiffs' claims may be considered as incident to the essential and controlling purpose of setting aside the deed, and should be so interpreted and dealt with in reference to our statute localizing the trial of actions affecting real property. We are referred by counsel for plaintiff to the case of *Baruch v. Long,* 117 N. C., 509, and to 5 Enc. Pl. and Pr., 438, as authorities in support of their position, that a suit to set aside a deed for fraud is not one coming within the powers of our statute localizing actions as to real estate. *Baruch v. Long* was a suit, among other things, to set aside a judgment lien, and was so decided on the ground that such a lien did not create an interest in the property within the meaning of the statute, but it does not apply to a case of this kind, where the deed purports to convey the property to *feme* defendant, and the main purpose is, as stated, to destroy her title. The citation to Pl. and Pr. seems to be in

direct support of plaintiffs' position, but we cannot concur in the statement of that valuable and usually accurate publication that "a suit to set aside a fraudulent conveyance of land" is not within the constitutional and statutory provisions requiring that actions affecting interest in reality shall be brought in the county where the land is situate, assuredly not in reference to statutes as broad and inclusive as our own. And an examination of the authorities cited by the author, *Vandefœr v. Furman,* 20 Texas, 333, and *Beach v. Hoezdon,* 66 Cal., 187, and others will show that the decisions are on statutes much more restricted in their terms.

The section of our Revisal, 422, to which we were also referred, is only for the general purpose of determining the residence of domestic corporations and must be construed in reference and subordination to other sections of the act establishing the proper venue for special classes of actions.

There is error in the ruling of the court, and this will be certified, to the end that the defendants' motion be allowed.