J. M. VAUGHAN v. W. T. FALLIN.

(Filed 12 April, 1922.)

**Removal of Causes—Transfer of Causes—Actions—Venue—Statutes— Lands—Estates—Title.**

Where the owner of lands has sold them at public sale, by a plat showing various divisions thereof, and the purchaser of two of them brings suit to set aside the transaction and to cancel certain of his notes given for the deferred payment of the purchase price, alleging a fraudulent representation by the owner as to the quantity of land in dispute in one of these lots, without which he would not have purchased, the controversy involves such an interest in the lands as required by C. S., 463, to be brought in the county where the land is situated, giving the owner the right to specific performance should he sustain his defense, and on motion aptly and properly made, it will be removed to the proper county when the suit has been brought in another county from that wherein the land is situated.

APPEAL by defendant from the refusal of the motion to remove the cause to another county by *Long, J.,* at the November Term, 1921, of STOKES.

This is an action begun by plaintiff on 5 July, 1921. The complaint was filed 24 August, 1921. Plaintiff alleges that in the year 1920 the defendant owned a large tract of land in the county of Stokes; that during said year he divided up said land for sale and made blueprints thereof; that on 29 May, 1920, the defendant, after due advertisement, held an auction sale of said property, and at that time had the blueprints aforesaid showing to prospective purchasers the boundaries, and representing to them the number of acres in the subdivision of the land; that plaintiff was at the sale, and relying upon the statements and representations and blueprints of the defendant, bid off tracts No. 1 and No. 3, as shown on the blueprints; that at the time of the sale some question

arose of a disputed boundary at the northwest corner of lot No. 1; that the defendant stated to the plaintiff that there were four or five acres in the dispute, and that they would allow ten acres off for that dispute; that the original tract No. 1 contained seventy-five acres; that the land in dispute was a small block in the northwest corner of lot No. 1; that the defendant represented that the line had been definitely settled, and that he could convey a clear title to the same, according to the blueprints, less the ten acres; that the plaintiff purchased tracts No. 1 and No. 3 as a whole, and would not have purchased one without the other, and would not have purchased either tract except upon the representation made by the defendant; that the defendant well knew that his statements aforesaid were false and fraudulent; and were made with the purpose of deceiving the plaintiff, and did deceive the plaintiff; that immediately after the sale the plaintiff not knowing that false representations had been made to him as to the title and number of acres contained in the land by the defendant, paid to the defendant $2,339.75, which was one-fourth of the total purchase price of both tracts of land, less the ten acres which were agreed to be taken off to cover the disputed land; that plaintiff relied upon the statements of the defendant as being true, and did not know that the representations made to him were false until about one year thereafter, when the defendant sent to the plaintiff a deed to said lands, which deed showed that it was short twenty-nine and six-tenths acres, whereupon plaintiff refused said deed, and refused to make further payments on said land; that the plaintiff was to pay one-fourth of the purchase price in cash, which he did, as hereinbefore set out, on 29 May, 1920, and was to pay the remainder in one, two, and three years from the date of sale; that plaintiff is entitled to have defendant refund to him the said sum so paid by him, together with interest, and is further entitled to have the contract declared null and void, and any and all notes or obligations which he may have executed to the defendant surrendered and canceled. The prayer to plaintiff's complaint is as follows:

"Wherefore, plaintiff prays judgment against the defendant for the sum of $2,339.75, with interest on said sum at the rate of 6 per cent from 29 May, 1920, until paid, and to have said contract, and any and all notes which plaintiff may have signed surrendered and declared null, void, and canceled of record, and the cost of this action, and such other and further relief as the court may deem just and proper."

Defendant filed a petition for removal of the cause from Rockingham County to Stokes County, on 1 September, 1921, before the time for answering expired. At the same time defendant had notice served upon plaintiff attaching a copy of his petition notifying the plaintiff that the

defendant would on 21 November, 1921, at 11 o'clock a. m., before Long, J., at the courthouse at Wentworth, N. C., ask for an order removing the cause to the Superior Court of Stokes County, as requested in his petition. This notice was duly served on 6 September, 1921. The defendant filed his answer to plaintiff's complaint denying all of plaintiff's allegations, and asking for affirmative relief, to wit, specific performance, and also foreclosure of plaintiff's right, title, and interest in the land by reason of his contract of purchase to the end that from the proceeds of sale the indebtedness due by plaintiff to the defendant may be discharged, and the balance remaining paid to plaintiff. This answer was filed on 17 September, 1921. The plaintiff filed his reply on 23 November, 1921.

The cause came on to be heard at the November term of the Superior Court of Rockingham County, upon defendant's petition demanding the removal of the cause to the county of Stokes. Defendant's motion was denied, and to this ruling of the court the defendant excepted and appealed.

*J. L. Roberts and McMichael, Johnson & McMichael for plaintiff.*
*King, Sapp & King for defendant.*

WALKER, J. It appears that the land which is the subject of this controversy is situated in the county of Stokes, and this action to cancel and set aside the notes and contract for the sale and purchase of the same was brought in the county of Rockingham. The motion is to change the venue, or place of trial, to the county of Stokes. The motion was denied upon the ground, we presume, that the action was not for the recovery of real property, or for the determination of any interest therein, or for injuries thereto (Pell's Revisal, sec. 419; C. S., 463). Those sections provide that "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, in the cases provided by law:

"1. Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

"2. Partition of real property.

"3. Foreclosure of mortgage of real property.

"4. Recovery of personal property."

We cannot see why this case is not governed by the principle stated in *Councill v. Bailey,* 154 N. C., 54. There the plaintiff sought to subject the land by sale thereof to the payment of the purchase money

or to compel specific performance by the defendant of the contract to
buy the land which was situated in the county of Rowan, while the
action was brought in the county of Catawba. Upon a motion by de-
fendant to change the place of trial to Rowan County, we held that the
case should have been removed as prayed for by the defendant, and
reversed the contrary judgment, citing *Fraley v. March,* 68 N. C., 160;
*Connor v. Dillard,* 129 N. C., 50; *Bridgers v. Ormond,* 148 N. C., 375,
to which we now add *Wofford v. Hampton,* 173 N. C., 686. This case
would seem to be the converse of *Councill v. Bailey, .supra.* In the
latter, the relief demanded was the specific enforcement of the contract
by a sale of the land, while here it is sought to cancel the notes and
contract, but both involved the determination in some form of a right,
or interest, in land. The plaintiff had an equitable right to a deed for
the land upon paying or properly tendering the purchase money, and
the cancellation of the defendant's right or interest he sought to enforce
because the contract had been procured from him by fraud. Whether
his right was enforced or annulled, it necessarily determined a right or
an interest in the land, and by the terms of the statute it made no differ-
ence in what form this was done. *Bridgers v. Ormond, supra,* was an
action to recover the possession of a deed for land which was alleged
to be held in escrow. The Court said: "The complaint discloses that
the purpose of the action is to recover possession of a deed that has never
been in possession of the plaintiff. The deed was deposited in escrow,
to be delivered upon the performance of a contract entered into by
plaintiff and defendant Beaman in respect to the building of a railroad
to Hookerton, and the construction of a depot. The land described in
the deed is situated in the county of Greene. The plaintiff's right to
call for the delivery of the deed depends upon the determination of the
fact, in his favor, that he has complied with certain conditions which
entitle him to demand and receive the deed. If the allegations of the
complaint are denied (which they must be taken to be for the purposes
of this motion), then the right of the plaintiff to recover the land, not
the deed solely, depends upon his ability to establish the facts he has
alleged. Thus it is plain to us that the actual title to the land will
depend upon the findings of the jury, under the instructions of the
court, to the issues submitted upon the pleadings. The effect of a
verdict and judgment for the plaintiff would be to transfer, not simply
the deed, but the actual title of the land to him. If the deed should be
destroyed in the meantime, the judgment of the court could be made to
operate as a deed, or the court could decree the execution of another.
Our statute is plain, and provides that actions for the recovery of real
property or for the determination of any interest therein or for injuries

21—183

thereto must be tried in the county where the property is situated. While the plaintiff has now no such seizin as would enable him to maintain an action against a stranger for trespass upon land, he alleges an equitable title thereto, and when he establishes the allegations of his complaint, and a final decree is entered upon the findings, he will become seized, in fact and law, of the property." *Fraley v. March, supra,* was an action against the defendant for specific performance of a contract to purchase land, and the Court held, by *Justice Reade,* that "the law of the *venue* of actions, with reference to the residence of the parties, does not govern this case, but the law of the venue with reference to the 'subject of the action.' It is substantially an action 'for the foreclosure of a mortgage of real property'; and that must be tried in the county where the land is situated. C. C. P., 66."

It is true that, as a general rule, a party seeking the aid of the court may select the forum (*Hannon v. Power Co.,* 173 N. C., 522), but that case also holds that he may do so, except where not prohibited by public policy, as expressed by statute. It must follow that as the question has been finally and definitely settled by our statute and decisions, against the plaintiff's contention and the judge's ruling, the latter must be reversed and the case removed as prayed for by the defendant.

Reversed.