## THOMAS WILLIAMS ET ALS. v. DONALD McRACKAN.

(Filed 31 October, 1923.)

**1. Venue—Interests in Land—Trusts—Statutes—Removal of Causes.**

An action to impress a parol trust upon lands and for an accounting involves a determination of an interest in lands, and the proper venue therefor is in the county in which the land is situate, C. S., sec. 463 (1), though it may appear that the alleged trustee has conveyed a part thereof to innocent purchasers by proper deed; and upon motion made by him, the cause brought in another county should be transferred as a matter of right.

**2. Same—Courts—Procedure—Appeal and Error.**

Under the provisions of ch. 92 (15), Public Laws of 1921, Extra Session, authority is conferred upon the clerk to hear motions for the transfer of a cause to the proper venue, subject to appeal to the judge at the next ensuing term of the Superior Court, from which appeal may be taken to the Supreme Court.

CLARK, C. J., concurring.

CIVIL ACTION heard on appeal from clerk before *Grady, J.,* at September Term, 1923, of NEW HANOVER.

There was motion before clerk of said county for change of venue to the county of Columbus. The clerk having denied the motion, on appeal his Honor ordered the removal as a matter of right on the ground that the action involved the determination of a right or interest in realty. Thereupon plaintiff excepted and appealed.

*J. G. McCormick for plaintiffs.*
*Schulken, Grady & Toon for defendant.*

HOKE, J. Our statute, C. S., sec. 463, subsec. 1, provides that actions for recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property, shall be tried in the county in which the subject of the action or some part thereof is situate, subject to the power of the court to change the place of trial in the cases provided by law.

From a perusal of the pleadings in the cause it appears that the action is one to impress a trust in favor of plaintiff on certain lands situate in Columbus County, the legal title to same being in the defendant, a resident of that county. It is true that the complaint alleges that the defendant has sold an indeterminate portion of said lands to innocent third parties and demands an accounting, but it also appears in the pleadings that the remainder of said lands is in possession and control of the defendant, who has the legal title thereto, and that plaintiffs' right, both as to the accounting and against the remaining realty, is dependent upon the establishment of the trust as alleged. This being true, plaintiffs' cause of action, clearly involves the determination of an interest in realty, and plaintiffs may not avoid the force and effect of this statutory regulation by merely failing to pray for relief to which their alleged facts, if established, would entitle them. *Vaughan v. Fallin,* 183 N. C., 318; *Wofford v. Hampton,* 173 N. C., 686; *Councill v. Bailey,* 154 N. C., 54.

Under an amendment to the above section enacted in 1921, Extra Session, chapter 92, subsection 15, the power to entertain a motion of this character is conferred upon the clerk, subject to an appeal to the judge at the next ensuing term, the course properly pursued in this instance, and in the exercise of this appellate power, we are of opinion that his Honor has correctly ruled that the cause be removed for trial to the county of Columbus.

Affirmed.

CLARK, C. J., concurs in the views expressed in the opinion of *Hoke, J.,* if we could take jurisdiction on this appeal, but he is of opinion that the action should be dismissed *ex mero motu.*

The complaint alleges that the ancestor, Maria Williams, deceased, "on or about 30 January, 1906, conveyed to the defendant all and singular the lands and property situated in Bolton Township, Columbus County, N. C., of which she was then seized and possessed, and that she retained and held no other lands or property whatever."

And "that the only consideration for said deed or conveyance was an agreement on the part of the defendant, who was then and is now a practicing attorney at law, licensed by the Supreme Court of North Carolina, to represent her in certain litigation in regard to said property, as plaintiffs are advised and believe.

"That thereupon and thereby the said lands and property became clothed and impressed with a trust in favor of and for the use of the plaintiffs as the heirs at law of the grantors in said deed, to wit, Joseph Williams and Maria Williams, as plaintiffs are advised and believe.

"That in disregard of both the trust and confidential relationship existing between him and the grantors in said deed, as well as their lineal descendants, the plaintiffs claiming under them, the defendant has sold and conveyed a portion of said lands to third parties for valuable considerations, and has, on said account, received large sums of money, the exact amount of which is unknown to plaintiffs, and has failed and refused to account therefor, but has appropriated and converted the same to his own use in fraud of plaintiffs' right, as plaintiffs are advised and believe."

This is therefore an attempt to set up a parol trust in favor of the grantor in a deed which was made avowedly, it would seem, to protect the grantor's property in certain litigation. Therefore it should require no citation of authorities, which are numerous, that the action upon the plaintiffs' own showing should be dismissed on either of two counts:

(1) That it is well settled, *ex turpi causa actio non oritur,* the purpose of the deed disposing of all the property of the grantor to a lawyer for the purpose of protecting it from litigation forbids that the courts should enforce a parol trust for that purpose. It certainly can need no citation of authorities to sustain that view. The parties must settle the matter in some other method. The courts will not paddle in dirty water.

(2) It is also equally true that the grantor in a deed as in this case cannot create a parol trust in contradiction of the terms of the deed in his own favor. This has been fully discussed and settled in a very learned and conclusive opinion by *Hoke, J.,* in *Gaylord v. Gaylord,* 150 N. C., 222, which held that "while the seventh section of the English Statute of Frauds, which forbids the creation of parol trusts or confidences of land, etc., unless manifested and proved by some right, has not been enacted here . . . such trusts have a recognized place in our jurisdiction, but they cannot be set up or engrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title to lands and giving clear indication on the face of the instrument that such a title was intended to pass. The doctrine of engrafting by parol a trust upon lands conveyed by deed is subordinated to a well-recognized principle of law that such a trust cannot be established between the parties in favor of a grantor in a deed, when the effect will be to contradict or change by contemporaneous stipulations and agreements resting in parol the written contract clearly and fully expressed."

The opinion in *Gaylord v. Gaylord* is well reasoned and clearly enunciated, and is not only supported by numerous authorities therein cited but itself has been recognized as a leading case and has been often cited by us since: *Jones v. Jones,* 164 N. C., 322; *Cavenaugh v. Jarman, ib.,*

375; *Campbell v. Sigmon,* 170 N. C., 351; *Walters v. Walters,* 171 N. C., 313; *Walters v. Walters,* 172 N. C., 330 (which cites also additional cases of *Ricks v. Wilson,* 154 N. C., 286, and *Trust Co. v. Sterchie,* 169 N. C., 22); *Allen v. Gooding,* 173 N. C., 96; *Wilson v. Jones,* 176 N. C., 207; *Chilton v. Smith,* 180 N. C., 474; *Swain v. Goodman,* 183 N. C., 534, and it has just been reaffirmed at this term in *Blue v. Wilmington (ante,* 321).

There is no principle better sustained in our reports by its innate justice and sound reasoning and its often approval than *Gaylord v. Gaylord, supra.* The same principle seems to be universally recognized elsewhere and many cases can be found in 39 L. R. A. (N. S.), 909, 912, 916.

This alleged verbal trust contemporaneously made with the conveyance is therefore void. It is alleged by the plaintiffs as the very foundation of their action, and being void, the action itself should be dismissed.

As said in *Blue v. Wilmington, supra,* and in other cases, it would lead to innumerable frauds if, when the grantor has made a solemn conveyance of his property, he should be allowed afterwards to allege that therewith he had an oral agreement by which the deed would be contradicted. Upon reason and principle the action, based upon such alleged oral trust, should be dismissed on that ground and also upon the further ground that it was made in fraud of creditors, all the property of the grantor having been conveyed at the same time, to protect the grantor in the deed from litigation.