MARY W. BOHANNON v. VIRGINIA TRUST COMPANY.

(Filed 21 May, 1930.)

**Venue A a—In this case held: action affected interests in realty and change of venue to county wherein land is situate was proper.**

Where the plaintiff has obtained a temporary order restraining the defendant mortgagee from foreclosing his mortgage, and defendant makes a motion, before the time for hearing, to remove the cause for trial to county wherein the land is situate, the motion is properly allowed, it appearing that the effect of the action is to redeem land from a mortgage or deed of trust, involving the interests or rights of the parties in the mortgaged premises. C. S., 463.

APPEAL by plaintiff from *Stack, J.,* at February Term, 1930, of CATAWBA.

Civil action to restrain sale of land under deed of trust, for an accounting, and to redeem.

Plaintiff, resident and citizen of Catawba County, brings this action in the county of her residence against the Virginia Trust Company, a foreign corporation, for the purpose of restraining a sale of land situate in Buncombe County on which the defendant holds a deed of trust as surety for a loan, payment of which the plaintiff assumed when she purchased the land. The plaintiff and her predecessors having defaulted in the payment of said debt, the trustee advertised the property for sale under the power contained in the deed of trust, and the plaintiff in her complaint filed 11 December, 1929, prays for a "restraining order . . . for an accounting . . . and for such other and further relief as may be just and proper."

A temporary restraining order was obtained by the plaintiff, returnable before Hon. A. M. Stack at the courthouse in Monroe, 2 January, 1930, requiring the defendant to appear and show cause, if any it had, why the same should not be made permanent.

After due notice to the plaintiff, and before time for answering had expired, the defendant, on 16 January, 1930, and before a hearing on the temporary restraining order had been held, duly entered a motion to have the cause transferred to Buncombe County for trial as the proper venue for said action.

This motion was allowed, and from the order transferring the cause to Buncombe County for trial, the plaintiff appeals, assigning errors.

*A. A. Whitener and Louis A. Whitener for plaintiff.*
*Bourne, Parker & Jones for defendant.*

STACY, C. J., after stating the case: This action is, in effect, one to redeem land from a mortgage or deed of trust, and necessarily calls for the determination, in some form, of the rights or interests of the parties therein. The proper venue, therefore, is Buncombe County where the land is situated. C. S., 463. The order of removal was correctly entered. *Vaughan v. Fallin*, 183 N. C., 318, 111 S. E., 513; *Councill v. Bailey*, 154 N. C., 54, 69 S. E., 760.

*Causey v. Morris*, 195 N.· C., 532, 142 S. E., 783, strongly relied upon by the defendant, is not at variance with, but in support of, this position.

Affirmed.