E. F. WATSON ET AL. v. E. W. KING AND PACE LUMBER COMPANY.

(Filed 10 December, 1930.)

1. **Principal and Surety B a: Parties B b—In this case held: joinder of surety with principal as party defendant was proper.**

   Where a contractor gives a surety bond for the faithful performance of a contract for the cutting of timber, it is not necessary to first ascertain by action or otherwise the amount of the liability of the contractor before uniting his surety as a party to an action for damages for its breach, the surety being a proper party for the complete determination or settlement of the question involved. C. S., 456. *Clark v. Bonsal,* 157 N. C., 270, cited and distinguished.

2. **Pleadings D e—Demurrer admitted allegation of surety's liability and position that bond was not properly executed cannot be maintained.**

   Where the complaint in an action on the surety bond of a contractor, conditioned upon the faithful performance of a contract, alleges that the bond has been executed and was binding on the surety, a demurrer thereto admits this as a fact, and the position that the plaintiff had not sufficiently alleged the proper execution of the bond by the defendant surety corporation cannot be sustained.

APPEAL by Pace Lumber Company from *MacRae, Special Judge,* at Chambers in Asheville, 15 February, 1930. From YANCEY.

Action to recover damages for breach of contract.

In the complaint it is alleged that on 17 April, 1930, the plaintiffs, other than John A. Watson and E. F. Watson, administrator of J. A. Watson, entered into a written contract with the defendant King for cutting timber into lumber; that on the same date the defendants executed a bond in the sum of $5,000, guaranteeing King's performance of the contract; that King failed to perform the contract; and that the plaintiffs have been damaged by reason of the breach in the sum of $5,000.

Pace Lumber Company filed a demurrer on two grounds: 1. There is a misjoinder of parties in that the plaintiffs jointly sued King as

principal and Pace Lumber Company as surety without first establishing the amount of the plaintiffs' damages. 2. The complaint does not state a cause of action against the Pace Lumber Company for the reason that it does not allege that the bond was executed by authority of the corporation.

*Watson & Fouts for plaintiff.*
*Blythe & Shepard and Charles Hutchins for Pace Lumber Company.*

ADAMS, J. The appellant is in error in assuming that a judgment must be recovered against King, or the amount of his liability definitely determined, before the action can be maintained against Pace Lumber Company. The condition of the bond is King's faithful performance of the contract, and the appellant is a proper party to a complete determination or settlement of the question involved. C. S., 456. The same general relief is sought against both defendants and their presence is necessary to a complete adjustment of the controversy. As stated in *Bank v. Harris,* 84 N. C., 206, the dominant purpose of the statute is to make one proceeding adjust and settle all controversies affecting its subject-matter. *Wofford v. Hampton,* 173 N. C., 686. The case of *Clark v. Bonsal,* 157 N. C., 270, cited by the appellant, is not in point.

The second ground is likewise untenable. The demurrer admits the allegation that the corporation executed the bond and became liable to the plaintiffs. Confronted with this admission the corporate defendant cannot invoke the doctrine of *ultra vires* by demurring to the complaint. The charter of the corporation is the only source to which the Court can look to ascertain what powers are conferred and the charter is not set out in the complaint. *Victor v. Mills,* 148 N. C., 107, 112. Judgment Affirmed.